Per Curiam.

The complaint in this action contained nine purportedly separate causes of action, all relating to an alleged oral joint venture agreement between the parties for the publication of a new tax magazine for accountants. The court at Special Term dismissed all nine causes on the basis of the res judicata, or collateral estoppel, effect of a judgment rendered in a prior proceeding between the parties. The Appellate Division modified by reinstating the first, third and ninth causes, and otherwise affirmed, one justice dissenting as to the second cause. The defendants have appealed to this court from so much of the Appellate Division’s order as reinstated the three causes, and the plaintiffs have cross-appealed from so much of that order as affirmed the dismissal of the second cause of action.
The determination from which the defendants have appealed is clearly nonfinal since it is merely one which denies their motion to dismiss the three reinstated causes of action and, accordingly, it is clear that their appeal must be dismissed. (See Hodom v. Stearns, 25 N Y 2d 722; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 160-161.)
The question remains, however, whether the plaintiffs may appeal from the determination of the Appellate Division affirming the dismissal of the second cause of action. As a general rule, as we held in Sirlin Plumbing Co. v. Maple Hill Homes (20 N Y 2d 401, 402-403), “ a determination dismissing one of several causes of action in a complaint is to that extent held final,” by application of the doctrine of implied severance, even though there are other causes of action remaining undetermined which involve the same transaction. But, as we further indicated in Sirlin (20 N Y 2d, at p. 403), that doctrine might be inapplicable “ in some exceptional situations involving an extremely close interrelationship between the respective claims.”
*534 Such an exceptional situation is here presented. Both the first and second causes of action are predicated on the same alleged joint venture agreement and both seek relief on the basis of the individual defendant’s alleged breach of that agreement. Thus, it is manifest that the second cause of action, dismissed below, is inextricably interrelated with the first cause which, reinstated below, remains to be decided. More specifically, in the first cause of action, the plaintiffs seek an accounting for their share of the profits derived from the joint venture, while in the second — after repeating the allegations of the first cause —the plaintiffs seek damages based on the value of the shares of stock which they were to receive under the very same joint venture agreement.
In other words, the first and second causes of action comprise, in essence, nothing more than a single cause of action in which merely alternative forms of relief for the individual defendant’s breach of a single agreement are sought. (Cf. De Coss v. Turner & Blanchard, Inc., 267 N. Y. 207, 211.) It follows, therefore, that the finality required for appeal to this court is lacking, since what the Appellate Division has done, by its dismissal of the so-called second cause of action, is only to settle “ ‘ some of the issues involved in a single cause of action ’ ” rather than to make a final disposition of a separate and distinct cause of action. (Matter of Hillowitz, 20 N Y 2d 952, 954; see Cohen and Karger, Powers of the New York Court of Appeals, p. 92. )[1]
The appeal should be dismissed, without costs, upon the ground that the order of the Appellate Division, insofar as appealed from, does not finally determine the action within the meaning of the Constitution.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Appeals dismissed, without costs, upon the ground that the order of the Appellate Division, insofar as appealed from, does not finally determine the action within the meaning of the Constitution.

. The dismissal of the second cause determines, not that plaintiffs are not entitled to any relief for the breach of the alleged joint venture agreement, but simply that, insofar as their claim is predicated on that portion of the agreement providing for the distribution of shares of stock to the plaintiffs, they cannot prevail because of the prior adjudication.