■ LORRAINE MOGAVERO, as Surviving Spouse of ANGELO J. MOGAVERO, Deceased, Respondent, v STONY CREEK DEVELOPMENT CORPORATION et al., Appellants. DECOR BUILDERS, INC., Third-Party Plaintiff-Appellant, v LODATO CONSTRUCTION CORP., Third-Party Defendant-Appellant.—Order unanimously reversed, with costs, cross motions granted and complaint dismissed, without prejudice, to plaintiff's institution of a new action in her appointed representative capacity, if so advised. Memorandum: Plaintiff, "as surviving spouse of Angelo J. Mogavero, deceased" ("Mogavero"), timely commenced an action against named defendants ("Stony Creek" and "Decor"), seeking damages for injuries and pain and suffering of Angelo Mogavero and damages to his distributees by reason of his alleged wrongful death. Defendants by their respective answers alleged as a sole affirmative defense the contributory negligence of deceased. Thereafter, a third-party action was commenced by Decor against third-party defendant ("Lodato"). Lodato in its answer to the third-party complaint asserted various affirmative defenses including as an affirmative defense against plaintiff's complaint and the third-party complaint that the complaint of the plaintiff failed to state a cause of action against the original defendants. Thereafter, plaintiff, pursuant to CPLR 3025 (subd [b]) and CPLR 203 (subd [e]), moved to amend the complaint to reflect her postaction appointment as administratrix of the estate of her deceased husband. Defendants and third-party defendant cross-moved, pursuant to CPLR 3211 (subd [a], par 7), for dismissal of the complaint on the ground that the actions were not brought by the personal representatives of the named deceased and, therefore, failed to state a cause of action. The Statute of Limitations having then run on both the wrongful death action and survival action, disposition of the respective motions entailed critical significance to the parties. Special Term, with understandable motivation, denied the cross motion of the defendants and third-party defendant, and granted plaintiff's motion to permit amendment of her complaint with further determination that the Statute of Limitations would not constitute a defense to the amended complaint. Such order cannot be sustained. That an action for wrongful death (EPTL 5-4.1) and survival action (EPTL 11-3.2, subd [b]) must be instituted by a duly appointed personal representative (EPTL 11-4.1) cannot be questioned *(Winbush v City of Mount Vernon,* 306 NY 327, 334–335; *Rice v Postal Tel.-Cable Co.,* 174 App Div 39, 40, affd 219 NY 629; *Boffe v Consolidated Tel. & El. Subway Co.,* 171 App Div 392, 394, affd 226 NY 654; *Smith v New York Cent. R. R. Co.,* 183 App Div 478, 479). The need of prior appointment of a legal representative as a requisite component part of the wrongful death action and survival action renders the retroactivity provision under CPLR 203 (subd [e]) to a curative pleading amendment under CPLR 3025 (subd [b]) here inapplicable. However, CPLR 205 (subd [a]) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final

judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination". The predecessors of this provision are section 23 of the Civil Practice Act; section 405 of the Code of Civil Procedure; and section 104 of the Code of Procedure (Field Code). Under these former code provisions it has been held that the general exception, including the tolling provisions of the Statute of Limitations, are applicable to wrongful death actions *(Sharrow v Inland Lines,* 214 NY 101; *Boffe v Consolidated Tel. & El. Subway Co.,* 171 App Div 392, 394, affd 226 NY 654, *supra; McDonough v Cestare,* 3 AD2d 201, mot for lv to app den 3 AD2d 861; *Hoffman v Delaware & Hudson Co.,* 163 App Div 50). The sole jurisdiction requirement in determining the applicability of CPLR 205 (subd [a]) is that jurisdiction of the defendant must have been properly acquired in the original actions, jurisdiction of the subject matter not being a requirement (Practice Commentaries, McKinney's Cons Laws of NY, Book 713, CPLR 205, C205:3; *Gaines v City of New York,* 215 NY 533; *Conolly v Hyams,* 176 NY 403, 407). The critical and determinative consideration is that a litigant give timely notice to his adversary. Despite Mogavero's lack of appointed representative capacity prior to commencement of her action, it cannot be seriously urged that defendants were not apprised of the nature of her asserted claims which were timely commenced. Particularly is this so in view of their respective pleadings embodying the affirmative defense of contributory negligence of plaintiff's deceased husband. The order granting plaintiff's motion to amend her complaint should, therefore, be reversed and the cross motions of defendants and third-party defendant for dismissal of the complaint should be granted without prejudice to the institution of a new action by Mogavero in her appointed representative capacity, should she be so advised. (Appeal from order of Monroe Supreme Court—amend complaint.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.