OPINION OF THE COURT
 

 Cooke, J.
 

 Based on express legislative enactments and a considerable body of decisional law which has developed through the years, as well as sound public policy considerations, there is no choice but to apply the two-year Statute of Limitations incorporated into the statute creating wrongful death actions by the Legislature.
 

 On May 6, 1972, Edward H. Ratka, after having undergone surgery, died at St. Francis Hospital in Poughkeepsie. At the time of death his wife was 46 years of age and his eldest child, a daughter, was 22 years old. Also surviving were six infants, one of whom, Edward H. Ratka, Jr., reached majority within six months of decedent’s passing. The problem in this case arose because more than two years passed with neither the wife nor the two older children seeking appointment as representative of decedent’s estate for purposes of instituting a wrongful death action.
 

 
 *608
 
 It was not until almost three years after decedent’s death, specifically on May 2, 1975, when letters of administration were granted to the plaintiff John F. Ratka. On the same day, the summons was delivered for service upon defendants Gordon and White, both physicians, by delivery to the Sheriff and, thereafter and within two weeks, each of these defendants was served (see CPLR 203, subd [b], par 5).
 

 The complaint seeks,
 
 inter
 
 alia, recovery for conscious pain and suffering, as well as for wrongful death, based on allegations of malpractice. In controversy on this appeal is the affirmative defense of the Statute of Limitations interposed by these defendants.
 

 Supreme Court, relying on
 
 Caffaro v Trayna
 
 (35 NY2d 245), granted plaintiff’s motion to strike this affirmative defense. Upon appeal, the Appellate Division reversed, granting defendants’ cross motion to dismiss the cause of action for wrongful death. The court reasoned that the two-year Statute of Limitations for such action had not tolled on account of the infancy of the surviving child, John, who was appointed administrator when he reached his majority, because there existed, at the time of decedent’s death, next of kin who were under no disability to receive letters of administration. We agree with this result and, accordingly, affirm.
 

 Before considering the merits, because the principle of finality is involved, we comment upon our jurisdiction. A reversal of an order of the Supreme Court, as occurred here, is appealable as of right where the Appellate Division’s order "finally determines” the action (see NY Const, art VI, § 3, subd b, par [1]; CPLR 5601, subd [a]). Although there are instances where a nonfinal order can be appealed to this court, those circumstances are not involved here.
 
 *
 
 Since the causes of action for conscious pain and suffering have not been disposed of by the Appellate Division decision, plaintiff’s lawsuit against defendants continues and, for purposes of determining appealability to this court, we must determine the finality of the order which dismissed the claim for wrongful death.
 

 Where two or more causes of action are asserted in one complaint, an order of the Appellate Division which dismisses one of them may be considered to have impliedly severed it
 
 *609
 
 from the pending undetermined litigation involving the remaining claims. Hence, the order of the Appellate Division may be final under the doctrine of "implied severance” (see Cohen and Karger, Powers of the New York Court of Appeals, § 21, pp 84-93). However, the rule does not go so far as to hold that every order dismissing a cause of action is final for purposes of our jurisdiction.
 

 While it may be noted that the trend has been away from earlier decisions limiting the availability of the implied severance theory, the court has recognized that the doctrine should not apply in instances characterized as "some exceptional situations involving an extremely close interrelationship between the respective claims”
 
 (Sirlin Plumbing Co. v Maple Hill Homes,
 
 20 NY2d 401, 403; see, e.g.,
 
 Behren v Papworth,
 
 30 NY2d 532). Regardless of whether these situations are rare or common, the court has continued to hold the doctrine of implied severance to be inapplicable in cases, for example, where "the finally determined cause of action is not discrete from the transactions giving rise to counterclaims which are not finally determined”
 
 (Lizza Ind. v Long Is. Light. Co.,
 
 36 NY2d 754;
 
 Walker v Sears, Roebuck & Co.,
 
 36 NY2d 695). Thus, in cases involving an interrelationship or overlap of claims, the separateness of the dismissed claim must be determined.
 

 Applying these principles to the matter at hand, for purposes of finality, we find the order appealed from to involve a discrete claim. This is not a case which comprises "in essence, nothing more than a single cause of action” (compare
 
 Behren v Papworth,
 
 30 NY2d 532, 534,
 
 supra).
 
 To the contrary, the causes of action are materially separate and distinct. A personal injury action is for conscious pain and suffering of the decedent prior to his death. This contrasts with a wrongful death action for pecuniary injuries resulting from decedent’s death and certain expenses. The recovery for conscious pain and suffering accrues to the decedent’s estate, whereas the damages for wrongful death are for the benefit of the decedent’s "distributees” who have suffered "pecuniary injury” (see EPTL 5-4.1, 5-4.3, 5-4.4, 11-3.3). The claims are thus predicated on essentially different theories of loss which accrue to different parties. Of course, there is some overlap and the same wrongful conduct is the basis for both claims, but this is not significant in the context of this case. Most notably, here, the issue is not whether there was malpractice
 
 *610
 
 resulting in injury and death, which is the underlying question in both claims, but whether plaintiff may overcome a defense of the Statute of Limitations to his claim for wrongful death. Therefore, at least in these circumstances, the order appealed from should be considered final for purposes of our jurisdiction.
 

 On the merits, plaintiff urges the court to establish a common-law cause of action for wrongful death, notwithstanding that our Legislature has expressly authorized such claims for over a century in statutes culminating in the present EPTL 5-4.1 (see L 1847, ch 450), and that the right of action to recover for injuries resulting in death is embodied in our Constitution and may not be abrogated (art I, § 16). As a groundwork for this request, plaintiff relies upon a decision in which the Supreme Court overruled
 
 The Harrisburg
 
 (119 US 199) and held that "an action does lie under general maritime law for death caused by violation of maritime duties”
 
 (Moragne v States Mar. Lines,
 
 398 US 375, 409). In essence, plaintiff implores the court to recognize a common-law cause of action for wrongful death and then to toll this action under CPLR 208 for the benefit of plaintiff and decedént’s other children who were infants at the time of the expiration of the two-year Statute of Limitations in EPTL 5-4.1. However, while we note that at least one jurisdiction has established a common-law cause of action even though its legislative body had permitted such claims by statute (see
 
 Gaudette v Webb,
 
 362 Mass 60) and despite the suggestion of other courts that "the New York Courts when directed to
 
 Moragne
 
 and
 
 Gaudette
 
 would reach the same conclusion”
 
 (Neal v Butler Aviation Int.,
 
 422 F Supp 850, 855; see, e.g.,
 
 Barnette v Butler Aviation Int.,
 
 89 Misc 2d 350), we decline plaintiff’s invitation to change the law of this State.
 

 In
 
 Moragne v States Mar. Lines,
 
 the court stated: "We conclude that the Death on the High Seas Act was not intended to preclude the availability of a remedy for wrongful death under general maritime law in situations not covered by the Act” (398 US 375, 402,
 
 supra).
 
 Here, we are faced with an entirely different problem; our statute expressly provides for a recovery for wrongful death in this situation and the crucial issue is whether a common-law right of action should be recognized to allow plaintiff to take advantage of a tolling provision for infancy. Hence, the complex questions of maritime law, congressional intent, and lack of an express provi
 
 *611
 
 sion to cover the situation presented, distinguish that case from the picture we are asked to examine.
 

 The law which preceded the decision of
 
 Gaudette v Webb
 
 (362 Mass 60,
 
 supra)
 
 may also serve to explain the rationale for that holding. The period of limitation in the Massachusetts wrongful death statutes has been held to be "a limitation upon the right as well as upon the remedy, and the right was lost when * * * [the period of limitation] expired”
 
 (Bickford v Furber,
 
 271 Mass 94, 97). The court thus appears to have reasoned that the law of that State has "evolved to the point where it may now be held that the right to recovery for wrongful death is of common law origin” (362 Mass, at p 71) as the most sound method of overcoming cases which held its statute to be a limitation on the right. Hence, the court concluded that its "wrongful death statutes will no longer be regarded as 'creating the right’ to recovery for wrongful death”
 
 (id.).
 

 The decisions in New York have followed a different path. Construing a predecessor to the present statute, by contrast this court has reasoned that the period of limitations in our wrongful death statute is "a limitation upon the remedy and not upon the right”
 
 (Sharrow v Inland Lines,
 
 214 NY 101, 110). Hence, the period of limitation, to be available as a bar to the commencement of the action, must be pleaded (see
 
 Agresta v Federal Steam Nav. Co. of England,
 
 169 App Div 467, 468). Indeed, another tolling provision, as well as other procedures embodied in CPLR article 2, is applicable to the period specified for commencement of a wrongful death action (see
 
 Philips v Apuzzo,
 
 266 NY 579;
 
 Irons v Michigan-Atlantic Corp.,
 
 279 App Div 32; cf.
 
 Streeter v Graham & Norton Co.,
 
 263 NY 39, 44). Thus, the law of this State has been markedly different from that in Massachusetts.
 

 More recently,. our decision in
 
 Caffaro v Trayna
 
 (35 NY2d 245,
 
 supra)
 
 applied another provision of the CPLR to overcome the bar of the Statute of Limitations in a wrongful death action. However, the theory utilized in that case is inapplicable here and there remains the need for timely appointment of a personal representative to commence the action (see, e.g.,
 
 Goldberg v Camp Mikan-Recro,
 
 42 NY2d 1029). In the instant case, despite the opportunity to do so, the necessary requirements have not been satisfied.
 

 The infancy of the decedent’s children will not suspend the running of the two-year Statute of Limitations for commence
 
 *612
 
 ment of a wrongful death action (see
 
 Mossip v Clement & Co.,
 
 256 App Div 469, affd 283 NY 554;
 
 Lundberg v Robins Dry Dock & Repair Co.,
 
 261 App Div 907; but see
 
 Hughes v Hinson Garage,
 
 9 AD2d 1014, 1015 [dicta]). Statutes of Limitation, at times referred to as "statutes of repose” (see
 
 Schmidt v Merchants Desp. Transp. Co.,
 
 270 NY 287, 302;
 
 Jordan v State of New York,
 
 56 Misc 2d 1032, 1035), "represent a legislative judgment that * * * occasional hardship is outweighed by the advantage of barring stale claims” (1 Weinstein-Korn-Miller, NY Civ Prac, par 201.01). They are intended "to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and the evidence has been lost”
 
 (Chase Securities Corp. v Donaldson,
 
 325 US 304, 314). Decedent left a five-year-old child and, under one aspect of plaintiff’s theory, the wrongful death action could have been commenced approximately 15 years after the death and, in instances where there are younger distributees, an even longer delay or tolling would be permissible.
 

 In light of the present statutory entitlement in this State, we reject the request to establish a common-law cause of action for wrongful death. The decisions of other jurisdictions are, in our view, based on considerations not present here, and, to the extent that they may suggest a contrary result, we respectfully decline to follow in their steps. Therefore, we conclude that it is neither necessary nor appropriate to change established law as a means of saving this cause of action for wrongful death from the bar of the Statute of Limitations.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed.
 

 *
 

 See CPLR 5601 (subd [c]); 5602 (subd [a], par 2); 5602 (subd [b], par 1); 5602 (subd [b], par 2, cl [iii]); see, also, CPLR 5713.