226

CLARA CARRICK, Individually and as Administratrix of the Estate of WILLIAM CARRICK, Deceased, and as Natural Guardian of His Minor Issue, Respondent, v CENTRAL GENERAL HOSPITAL et al., Appellants.

Second Department, December 3, 1979

### APPEARANCES OF COUNSEL

*Howard S. Davis (Barry M. Hoffman* of counsel), for Central General Hospital, appellant.

*Clune, White & Nelson (John H. Nelson* of counsel), for Ali Koprenska, appellant (relying upon the brief submitted by appellant Central General Hospital).

*Robert David Becker, P. C. (Michael D'Agostino* on the brief), for respondent.

### OPINION OF THE COURT

Lazer, J.

On this appeal we are asked to decide whether a person who has applied for letters of administration may institute a wrongful death action before the letters are issued. We conclude that she may not.

In November, 1975 plaintiff's husband died, allegedly as a result of the medical malpractice of the defendant hospital and doctor. In September, 1977 plaintiff filed a petition for letters of administration with the Surrogate's Court, Nassau County, and the following month (Oct., 1977) commenced a

wrongful death action against the defendants by service of a summons with notice. Since letters of administration had not been issued to the plaintiff as of the date service was made, the caption of the action denominated her as the "proposed administratrix." By the time plaintiff finally received her letters in December, 1977, the two-year Statute of Limitations for wrongful death had run. She then served a complaint on the defendants alleging separate causes of action for her husband's wrongful death and for his pain and suffering prior to death. In April of 1978 the defendants moved separately to dismiss the action claiming that as the "proposed administratrix" in October, 1977 the plaintiff lacked legal capacity to bring an action under the wrongful death statute (see EPTL 5-4.1). Special Term agreed and, by order dated July 17, 1978, the complaint was dismissed.

Shortly afterwards, plaintiff commenced a new wrongful death and personal injury action in which she was denominated, *inter alia,* as the duly appointed administratrix of her late husband's estate. Again, the defendants moved to dismiss the complaint but this time they premised their motions upon the Statute of Limitations. Plaintiff responded that under CPLR 205 (subd [a]) she was allowed an additional six months to commence a wrongful death and personal injury action *de novo* because the July, 1978 dismissal had been predicated upon the plaintiff's lack of legal capacity to sue and was not the result of "a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits" as proscribed by the section. Special Term denied the motions to dismiss the complaint, citing, *inter alia, Mogavero v Stony Creek Dev. Corp.* (53 AD2d 1021). That order of denial is the subject of these appeals.*

We conclude that the causes of action for wrongful death against both defendants must be stricken, although the causes of action for personal injury and conscious pain and suffering can survive. We note at the outset that: "[t]his is not a case which comprises 'in essence, nothing more than a single cause of action' * * * To the contrary, the causes of action are materially separate and distinct. A personal injury action is for conscious pain and suffering of the decedent prior

---

* Upon argument of the appeal, the defendant Koprenska sought leave to have his appeal heard upon the brief of the appellant hospital. The application should be granted.

to his death. This contrasts with a wrongful death action for pecuniary injuries resulting from decedent's death and certain expenses." *(Ratka v St. Francis Hosp.,* 44 NY2d 604, 609, citing *Behren v Papworth,* 30 NY2d 532; see, also, *George v Mt. Sinai Hosp.,* 47 NY2d 170, 177-178.)

Because the theoretical basis for a personal injury action differs from that underlying a wrongful death action, a suit for personal injuries erroneously brought in the name of a deceased injured person constitutes a viable commencement of an action within the meaning of CPLR 205 (subd [a]) (see *George v Mt. Sinai Hosp., supra).* By parity of reasoning, the same principle—that the commencement of the suit has not been fatally compromised—applies to actions for a decedent's personal injuries brought in the name of someone other than the duly appointed personal representative (see EPTL 11-3.2), including a "proposed administratrix." Therefore, Special Term was correct in denying the motions to dismiss the personal injury causes of action.

However, due to "the unique nature of the wrongful death action" *(George v Mt. Sinai Hosp.,* 47 NY2d 170, 177, *supra),* a similar conclusion does not apply when such an action is brought by an unqualified person. The appointment and qualification of a personal representative is a substantive element of or condition precedent to the existence of a wrongful death cause of action; commencement of such a suit by anyone other than a duly appointed personal representative is tantamount to no suit whatsoever (see *George v Mt. Sinai Hosp., supra,* p 177, citing *Boffe v Consolidated Tel. & Elec. Subway Co.,* 171 App Div 392, 394, affd without opn 226 NY 654; *Ratka v St. Francis Hosp.,* 44 NY2d 604, 611, *supra; Goldberg v Camp Mikan-Recro,* 42 NY2d 1029). To the extent that *Mogavero v Stony Creek Dev. Corp.* (53 AD2d 1021, 1022, *supra)* reaches a contrary result, it must be deemed to have been overruled implicitly by the subsequent *George* holding.

Accordingly, plaintiff's service of the summons in her capacity as "proposed administratrix" in October, 1977 failed to constitute the commencement of an action within the meaning of CPLR 205 (subd [a]) and the causes of action for wrongful death must be dismissed for failure to comply with the Statute of Limitations. If the unfortunate result reached here is to be avoided in the future, legislative action to amend EPTL 5-4.1 is required.

TITONE, J. P., O'CONNOR and MANGANO, JJ., concur.

Order of the Supreme Court, Nassau County, entered December 20, 1978, modified, on the law, by (1) adding thereto, immediately after the provisions denying the motions to dismiss the complaint, the following: "except as to the causes of action for wrongful death, and as to said causes of action the motions are granted" and (2) adding thereto, immediately after the provision dismissing the first and second affirmative defenses of defendant Koprenska, the following: "except insofar as the first affirmative defense pertains to the cause of action against him for wrongful death, and as to said cause of action the first affirmative defense is reinstated." As so modified, order affirmed, without costs or disbursements. The application of defendant Koprenska, made upon argument of the appeal, for leave to have his appeal heard upon the brief of the appellant hospital is granted.