The ESTATE OF Nathan MASSELLI, Deceased, by William MASSELLI, Parent and Heirs at Law of Decedent's Estate, Plaintiffs,

v.

Leon SILVERMAN, Bart M. Schwartz, James T. McShane, Ronald Schiavone, Theodore Geiser, Marcia Kramer, Philip Buono, Salvatore Odierno, John Doe, Joe Doe and Frank Doe, Defendants.

No. 84 Civ. 5958 (JMC).

United States District Court, S.D. New York.

March 28, 1985.

William Masselli, pro se.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., New York City (Jane E. Bloom, Asst. U.S. Atty., New York City, of counsel), for defendants Leon Silverman, Bart M. Schwartz, and James T. McShane.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendants Leon Silverman's, Bart M. Schwartz's and James T. McShane's motion to dismiss is granted. Fed.R.Civ.P. 12(b)(6).

### FACTS

The events that lead to this civil rights action began on December 29, 1981, when the United States Court of Appeals for the District of Columbia Circuit appointed Leon Silverman as Special Prosecutor. Mr. Silverman was to investigate whether Secretary of Labor Raymond J. Donovan had been present when an official of Schiavone Construction Company, of which Donovan was then Executive Vice-President, made an illegal cash payment to a union official. Silverman was also directed to prosecute any violations of federal law that were discovered. Shortly thereafter, Bart M. Schwartz was appointed Assistant Special Prosecutor and James T. McShane was hired as an Investigator. Plaintiff William

Masselli claims that his son, Nathan Masselli, worked for the investigators as an informer. On August 25, 1982, two months after the investigation was completed and a report issued, Nathan Masselli was murdered. Philip Buono and Salvatore Odierno have been convicted of murder in connection with Nathan's death.

Plaintiff alleges that Silverman, Schwartz, and McShane conspired together "to avoid disclosure of Raymond Donovan's actual involvement with construction contract procurement and the underworld,"[1] and, as part of that conspiracy, revealed information to Ronald Schiavone, which led to the murder of Nathan. He claims that McShane informed Schiavone that Nathan Masselli was an informer for the Special Prosecutor. The Report of the Special Prosecutor, which was in large part sealed, indicates that Nathan Masselli was interviewed by the Special Prosecutor's staff and that several of his phone conversations with Schiavone Construction Company's house counsel were recorded.

Plaintiff also claims that Silverman, Schwartz and McShane disseminated information about Nathan to news reporters to "discredit Masselli in order to justify disregarding Masselli's testimony."[2] He claims that defendant Marcia Cramer publicized these false statements about Nathan, knowing that they were false. Finally, he alleges that "members of the conspiracy" agreed with defendants Buono and Odierno to murder Nathan. It is not at all clear what plaintiff alleges with respect to defendant Theodore Geiser, other than that at Schiavone's direction, he hired ex-FBI agents to find out what the Special Prosecutor had found out.

Plaintiff brings the claim pursuant to 42 U.S.C. § 1983. With respect to Silverman, Schwartz, and McShane, who were all federal agents at the time in question, however, the Court presumes that plaintiff intends to base jurisdiction upon the doctrine enunciated in *Bivens v. Six Unknown*

---

1. Complaint at ¶ 4.C., 84 Civ. 5958 (JMC) (filed Aug. 20, 1984).

2. *Id.,* at ¶ 4.F.

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). With respect to the other defendants, none of whom have joined in this motion to dismiss, no basis of jurisdiction is alleged or can be presumed because none of these defendants is either a federal or a state agent and the complaint indicates no facts to suggest that diversity jurisdiction might be appropriate.

Plaintiff also alleges "violations" of 28 U.S.C. §§ 1346(b), 2680(h), and 2401(b). Because all of these sections apply only to suits against the United States, which is not a party to this suit, these claims are not addressed by the Court and are hereby dismissed.

### DISCUSSION

■ Although the constitutional basis of the civil rights claims in this case is not clearly articulated, presumably the gravamen of the complaint is that Nathan was deprived of his life without due process of law. Thus, the action properly belonged to Nathan and can only be brought as a surviving action. Although the Civil Rights Act of 1871 contains no express provision for the survival of section 1983 claims, 42 U.S.C. § 1988 permits the incorporation of state law when necessary to furnish suitable remedies for section 1983 claims. Federal courts have construed section 1988 to incorporate into section 1983 state statutes governing survival actions, *see Moor v. County of Alameda*, 411 U.S. 693, 702–03 n. 14, 93 S.Ct. 1785, 1792 n. 14, 36 L.Ed.2d 596 (1973); *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983), and have applied the same state statutes in *Bivens* claims, *see Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977), *cert. denied*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978).

Defendants' first ground for dismissal is that William Masselli is prohibited by New York's wrongful death statute, N.Y.E.P.T.L. § 5–4.1 (McKinney's 1981), from bringing this action because he is not Nathan Masselli's personal representative and, were plaintiff to be so appointed at this time, the action would be barred by the two-year statute of limitations governing wrongful death actions.

Under New York law, there exists a fine distinction between actions that belong to the decedent and, by virtue of a procedural statute, survive his death, N.Y.E.P.T.L. § 11–3.2 (McKinney's Supp.1984–1985), and wrongful death actions that are created by statute and which belong to the distributees of the decedent, N.Y.E.P.T.L. § 5–4.1. Because this action alleges an unconstitutional deprivation of Nathan's life, without due process of law, the right of action belongs to Nathan; it is Nathan's injuries for which an action exists. Therefore, the action is a surviving action and is governed by section 11–3.2.

■ Section 11–3.2 requires that all surviving actions be brought by a legally appointed representative. *See e.g., Mogavero v. Stony Creek Dev. Corp.*, 53 A.D.2d 1021, 1022, 385 N.Y.S.2d 899, 900 (4th Dep't 1976). Because William Masselli is not a legally appointed representative, he has no standing to bring this action. Therefore, the action is dismissed. In the interests of efficiency, however, because the issues have been fully briefed, the Court addresses the question whether a properly appointed representative would be barred from reopening the action in the future.

■ Unlike section 5–4.1, section 11–3.2 has no separate statute of limitations because it is merely a procedural statute and does not create a right of action. Thus, the governing statute of limitations for surviving claims is that which would have governed the action if it had been brought by the decedent, with one exception not relevant here.[3]

---

**3.** If the statute of limitations will expire less than one year after death, a representative bringing a surviving action is given a full one year after decedent's death within which to bring the action. N.Y.C.P.L.R. § 210 (McKinney's 1972). In light of the Court's decision, this exception is irrelevant.

■ In *Bivens* actions, as in section 1983 actions, the governing statute of limitations is that which governs the most similar state cause of action. *See Board of Regents v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). The Second Circuit has held that section 1983 actions in New York are limited by the three-year statute of limitations of N.Y. C.P.L.R. § 214(2) (McKinney's 1972). *See Keating v. Carey,* 706 F.2d 377, 382 (2d Cir.1983); *Pauk v. Board of Trustees of City Univ.,* 654 F.2d 856, 861–62 (2d Cir. 1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Although the Circuit has not ruled on the issue, the Court finds that the same statute of limitations applies to a *Bivens* suit for the reasons stated in *Ross v. United States,* 574 F.Supp. 536, 541 (S.D.N.Y.1983); *see also Beard v. Robinson,* 563 F.2d 331, 338 (7th Cir.1977) (applying same statute of limitations to *Bivens* and section 1983 actions), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). Thus, Nathan Masselli's legally appointed representative has three years from the accrual of the cause of action within which to reopen the suit.

■ Under federal law, a cause of action accrues when plaintiff knew or had reason to know of his injury. *Keating v. Carey,* 706 F.2d at 382; *Pauk v. Board of Trustees,* 654 F.2d at 859. Quite obviously, the cause of action in this case arose upon Nathan's death because the constitutional injury, *i.e.,* loss of life, did not take place until Nathan's death. Therefore, the representative of Nathan's estate has until August 25, 1985, three years after Nathan's death, to reopen this action.

■ To the extent that the complaint implicitly alleges common law torts or a state law wrongful death action against the three federal defendants, these claims are also dismissed. The only conceivable bases of jurisdiction are diversity jurisdiction, 28 U.S.C. § 1332, or pendent jurisdiction. The first is not alleged, and no facts are present to indicate its appropriateness. The second is insufficient because the underlying federal claim has been dismissed. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Additionally, the wrongful death claim, like a surviving claim, must be brought by a legally appointed representative, N.Y.E.P.T.L. § 5–4.1, and any tort claims could be brought only as surviving actions and thus must be dismissed for the same reasons as the constitutional claims. Therefore all claims against the three federal defendants are dismissed, without prejudice to reopening by a properly appointed representative before August 25, 1985.[4]

The other defendants, Ronald Schiavone, Theodore Geiser, Marcia Kramer, Philip Buono, Salvatore Odierno, John Doe, Joe Doe and Frank Doe have not brought motions to dismiss. The Court nonetheless dismisses these claims sua sponte because no basis for jurisdiction has been alleged. *See* Fed.R.Civ.P. 12(h)(3).

## CONCLUSION

Defendants' motion to dismiss is granted. Fed.R.Civ.P. 12(b)(6).

The action is dismissed against all defendants, Fed.R.Civ.P. 12(h)(3), and the Clerk of the Court is directed to enter Judgment dismissing the complaint.

SO ORDERED.

---

**4.** The federal defendants also allege that they are absolutely immune from suits based upon common law torts. Because of the vagueness of the complaint and the outcome of the motion, the Court need not reach this issue at this time.