OPINION OF THE COURT
Bertram R. Gelfand, J.
In this proceeding to judicially settle the account of the Public Administrator, petitioner requests that, in the absence of anyone proving that he or she is a distributee of decedent, the entire net distributable estate be deposited with the Commissioner of Finance of the City of New York. Objections were interposed by four alleged maternal first cousins, who claim that they are decedent’s distributees. A hearing was held to determine the issue of kinship.
Decedent died on January 2, 1983 at the age of 85 years.
However, with reference to decedent’s siblings, petitioner relied on the records of this court in Estate of Celia Cantania, who was a sibling of this decedent and had predeceased her. A review of the file establishes that, in the Celia Cantania estate, it was ultimately determined that decedent’s only surviving distributee was the decedent in the instant matter. However, that conclusion was reached by reliance on the provisions of SCPA 2225 being utilized to sustain a presumption that decedent’s brother, Camille Regenbogen, had prede *672 ceased Celia Cantania without being survived by any issue (see, Estate of Cantania, NYLJ, Oct. 2, 1979, p 6, col 2).
A SCPA 2225 determination in one estate that a person predeceased the decedent without issue does not constitute a finding that the absent distributee is, in fact, dead. It simply involves embracing a statutorily created presumptive legal fiction for the limited purpose of facilitating the distribution of the estate at issue. A SCPA 2225 determination that a distributee predeceased decedent without issue is not the legal equivalent of determining pursuant to EPTL 2-1.7 that an absentee is declared legally dead for all purposes. This distinction is supported by the widely differing criteria required to satisfy each of the two statutes. In a proceeding pursuant to EPTL 2-1.7, a petitioner must establish either that the absentee was exposed to a specific peril likely to have caused death or that he has been absent for five years and that, after an unsuccessful and diligent search, the proof sustains that the missing person’s absence cannot be satisfactorily explained except by death. Such a person is declared dead for all purposes to the same extent as if his lifeless body had been interred in the usual manner. Under SCPA 2225, all that a successful petitioner need prove is that within the context of what can reasonably be expected in relation to the sum of money involved, despite a reasonably diligent search, no information about the missing potential distributee, or his issue, was ascertained. In each SCPA 2225 case, what constitutes a reasonable effort is necessarily circumscribed by the sum of money involved. Clearly, one cannot be expected to embark on a diligent search that would be of such a scope that it would be disproportionately expensive in relation to the sum at issue (see, Matter of McGarrity, 69 AD2d 819; Estate of Lazarides, NYLJ, Sept. 19, 1980, p 12, col 1; Estate of Macchiarola, NYLJ, Jan. 9, 1979, p 15, col 1). The level of proof required to give rise to a SCPA 2225 presumption so that an estate can be distributed involves no more than establishing an absence of information despite a reasonable effort to garner such information. This criteria does not come remotely close to concluding that there is no other explanation for an absentee’s absence other than that he must be dead.
SCPA 2225 is a statute of very limited purpose designed to avoid abating the distribution of an estate for a period beyond a statutorily fixed number of years after a decedent’s death. It is an instrument designed to accelerate the distribution of *673 estates and is not an alternative for declaring an absentee dead for all purposes.
Clearly, the conclusions reached as to Camille Regenbogen, and his possible issue, in the Estate of Celia Cantania cannot serve as a foundation for distributing this estate pursuant to SCPA 2225 before the decedent in this estate has been dead for the minimum period required by SCPA 2225. This decedent died on January 2, 1983. Even under the recent amendment of SCPA 2225 (L 1985, ch 106, eff May 21, 1985), which reduces the period for SCPA 2225 to be applicable from 5 to 3 years after the death of the decedent, the statute cannot be used in this estate to eliminate decedent’s brother, Camille Regenbogen, and his possible issue as distributees until January 2, 1986.
At this juncture, it is concluded that the proof adduced has not established that decedent was not survived by her brother, Camille Regenbogen, or the issue of said brother. Objectants are cousins. Their status as distributees is critically dependent on establishing that decedent was not survived by a sibling or any nieces or nephews.
Accordingly, the application is denied without prejudice to a future application pursuant to SCPA 2225 or an application to reopen the case subsequent to January 2, 1986 pursuant to CPLR 2221, or such other proceeding as petitioners feel would be appropriate and timely in the future.
The immediate disappointment of objectants in this relatively significant estate should be substantially dissipated by the knowledge that were it not for the Governor of this State having signed into law on May 21, 1985 the heretofore referred to amendment to SCPA 2225, objectants’ likely right to final relief would be postponed until after January 2, 1988, rather than just until after January 2, 1986.
Under the circumstances, in the interest of justice, the Public Administrator is directed to keep the net estate on deposit in interest-bearing accounts and not to deposit them with the Commissioner of Finance until June 30, 1986. This will give objectants a reasonable opportunity to timely further proceed without burdening the estate with avoidable statutory charges and burdening the Public Administrator and the Commissioner of Finance with unnecessary paper work.