■ GINA M. LABOY, Individually and as Parent and Natural Guardian of ROCCO L. DIAZ, Deceased, Appellant, v CHILDREN'S HOSPITAL OF BUFFALO et al., Respondents. [672 NYS2d 183] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed this wrongful death action on the ground that plaintiff did not have the capacity to sue until the Statute of Limitations had expired. Plaintiff, who commenced this action individually and on behalf of her infant son, failed to obtain letters of administration until almost four years after commencement of the action and six years after her son's death (*see, George v Mt. Sinai Hosp.,* 47 NY2d 170, 176-177; *Ratka v St. Francis Hosp.,* 44 NY2d 604; *Goldberg v Camp Mikan-Recro,* 42 NY2d 1029).

The court also properly denied plaintiff leave to amend the complaint to add a cause of action for conscious pain and suffering. Although plaintiff commenced the action within the applicable 2½ year limitation period for medical malpractice ac-

tions set forth in CPLR 214-a, she did not have letters of administration at that time. Plaintiff's amended pleading, served more than 2½ years after the expiration of the Statute of Limitations, cannot relate back to the wrongful death action because that action was properly dismissed (*see, Goldberg v Camp Mikan-Recro, supra,* at 1029-1030; *see also, Mogavero v Stony Creek Dev. Corp.,* 53 AD2d 1021). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.