OPINION OF THE COURT
Renee R. Roth, S.
This proceeding in the estate of Andree Plongeron involves a *562 request for a novel application under the statute governing withdrawal of funds held on deposit for unknown distributees (SCPA 2225). The applicant, however, does not purport to be a distributee of decedent, but is instead the sole legatee under her will.
The relevant facts are briefly stated. While hospitalized in June 1982, octogenarian Andree Plongeron executed a will that left her estate to petitioner, a friend. Ms. Plongeron died one day later allegedly survived by no distributees. Notice by publication was given to unknown distributees (none of whom ultimately appeared), and service was made as well upon the Public Administrator and the Attorney General of the State of New York (SCPA 316, 1123). After SCPA 1404 examinations were completed, the parties entered into a compromise which provided that no objection to probate would be raised on behalf of the unknowns and that, in exchange, the sum of $13,000 (from a net estate of approximately $100,000) was to be deposited with the Comptroller of the State of New York “for the benefit of the unknown distributees of the decedent.” A decree was entered on January 24, 1984, admitting the will to probate “subject to the terms and conditions of the agreement of compromise.”
In the more than 17 years since the fund was established, no distributee has come forward to claim the money. Petitioner states that an evidentiary hearing would confirm the absence of distributees and that she in consequence could claim the fund by default. The Public Administrator for her part objects on the ground that the probate decree does not provide for recovery from the fund by anyone other than a distributee.
As a threshold matter, petitioner invokes SCPA 2225 which in relevant part provides that,
“[i]f it is established * * * that diligent and exhaustive efforts have been made * * * to ascertain the existence of distributees * * * that at least three years have elapsed since the death of the decedent * * * that the parties before the court know of no distributees of the decedent * * * other than those stated in the record * * * the court may make a determination that no distributee of the decedent or class of distributees exists * * * other than those whose status is established in the record before the court.”
Without the presumption raised by section 2225, persons entitled to funds on deposit for unknown distributees would be *563 faced with the impossible task of proving a negative, i.e., that there is no one else entitled to share in the fund. The presumption makes it possible to fix the number of persons who are entitled to benefit from such a deposit and therefore the amount allocable to each such person.
Ordinarily, the individual who seeks to use section 2225 as a means to withdraw funds deposited for distributees does so as an alleged distributee, i.e., as a person for whose benefit the deposit was made. As the Public Administrator notes, however, petitioner does not claim to be such a person. The question is whether the presumption arising under section 2225 to determine the class of distributees may be used by a legatee under decedent’s will who is not a distributee.
The legislative history of section 2225 indicates that the statute was enacted to solve a problem peculiarly confronting distributees, rather than for the generalized use urged by petitioner. Supporters of the Senate bill (1975 NY Senate Bill S 3281) underscored the dilemma faced by a person who could prove himself or herself to be among the distributees entitled to share in a fund, but who could not definitively close the class by affirmative proof. Despite his or her entitlement, such individual was foreclosed from receiving any portion of such fund (see 1975 Rev Report No. 196 of NY Law Rev Commn). The Holocaust and the dislocations of World War II had exacerbated the evidentiary problem and the immediately following decades consequently witnessed mounting numbers of unclaimable funds. In allowing closure (despite the possibility of actual underinclusion) to a class whose numbers could not otherwise be fixed, the presumption created under section 2225 was thus designed as an expedient by which a fund could be released from limbo (see Matter of Schrake, 129 Misc 2d 671, 672). Such concession was allowed for the sake of persons demonstrated to be entitled to at least some part of a fund by operation of the laws of intestacy. Section 2225 was thus intended to disentangle distributees from a dilemma beyond their own power to avoid. The later amendment to such statute (L 1996, ch 89) which extended the presumption to certain missing beneficiaries under a will or trust agreement (a provision that does not apply here) reinforces the court’s concliision that, by its very clear language, SCPA 2225 does not apply to a legatee who seeks to claim a fund that is earmarked for distributees.
Based upon the foregoing, the application is denied.