*1050 OPINION OF THE COURT
Lee Holzman, J.
This is a proceeding by the administratrix of the decedent’s estate, one of his seven children, to compromise and judicially account for a wrongful death recovery. The novel question presented is whether, in a proceeding to distribute the proceeds of a wrongful death action, the provisions of SCPA 2225 may be utilized to reach a determination that the decedent’s daughter, Grissell Rodriguez, whose whereabouts are unknown, predeceased him without issue. The reason that there is a question as to the applicability of SCPA 2225 is that damages awarded in a wrongful death action are solely for the benefit of the decedent’s distributees to compensate them for their pecuniary injuries resulting from the decedent’s death, an|d consequently, are not considered part of the decedent’s estate to be distributed pursuant to either intestate distribution or the terms of a will (see Ratka v St. Francis Hosp., 44 NY2d 604, 609 [1978]; EPTL 5-4.1, 5-4.3, 5-4.4, 11-3.3).
The decedent died intestate on December 3, 1983 from alleged medical malpractice. The decedent’s presumptive distributees are his seven children. The Attorney General of the State of New York has appeared but has not filed any opposition. No one in the decedent’s family has had any knowledge about the whereabouts of Grissell Rodriguez in over 40 years, since she was about five years old. Various attempts to locate her during the decedent’s lifetime were unsuccessful. The attempts to find her in the more than 20 years that have elapsed since the decedent’s death have been fruitless. The guardian ad litem for Grissell conceded that diligent efforts have been made to locate her without success.
SCPA 2225 provides, in pertinent part, as follows:
“In any proceeding where the court is required to determine the distributees entitled to share in the estate under EPTL 4-1.1 . . .
“(a) If it is established to the satisfaction of the court that a person who would be a distributee . . . has not been heard from for a period of at least three years since the death of the decedent, . . . that a diligent search has been made to discover evidence that such person is still living, and that no such evidence has been found, the court may make a determination that such person is presumed dead and *1051 that he or she predeceased the decedent without issue . . .
Here, as noted above, the fund to be distributed is paid to the decedent’s distributees to compensate them for their pecuniary injuries resulting from the decedent’s death. Furthermore, the wrongful death recovery is not part of the decedent’s “estate” which is defined in SCPA 103 (19) as “[a]ll of the property of the decedent.” Nevertheless, in this proceeding, as provided in SCPA 2225, “the court is required to determine the distributees entitled to share in the estate under EPTL 4-1.1” because they are the only ones who may share in the wrongful death recovery (EPTL 5-4.1, 5-4.3, 5-4.4, 11-3.3). Moreover, where the events leading to the decedent’s death result in a recovery of damages for both personal injury and wrongful death, there is no logical reason why the ameliorative provisions of SCPA 2225 should be limited to facilitating distribution to those distributees whose identity and whereabouts are known only with regard to the recovery for personal injury. In both instances there would be no fund available for distribution to the decedent’s distributees but for his death. Therefore, in both instances the court should be able to utilize the “presumptive legal fiction” created by SCPA 2225 (that a distributee predeceased the decedent without issue) “for the limited purpose of facilitating the distribution” of the fund at issue (see Matter of Schrake, 129 Misc 2d 671, 672 [1985]).
Accordingly, the court determines that the utilization of the statutory presumption to facilitate the distribution of the wrongful death proceeds among the decedent’s distributees falls both within the spirit and letter of SCPA 2225. The decedent’s daughter, Grissell Rodriguez, is presumed, pursuant to SCPA 2225 (a) for the purpose of this proceeding, to have predeceased him without issue. The net distributable proceeds are to be paid in equal shares to the decedent’s six other children. It is noted that the same result might be reached pursuant to a determination that Grissell Rodriguez did not suffer any pecuniary injury as a result of the decedent’s death inasmuch as she has not had any dealings with him since she was five years old. Counsel fees and disbursements are allowed in the amount requested.