■ BELINDA WISE MONTALVO, Individually and as Administratrix of the Estate of JUAN E. MONTALVO, Deceased, Appellant, v DANTE M. CHIARAMONTE et al., Respondents. [902 NYS2d 520]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 24, 2009, which granted defendant Chiaramonte's motion to dismiss the complaint as against him and the Tart defendants' motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, Chiaramonte's motion denied with respect to the first cause of action, the complaint as so pared reinstated, and otherwise affirmed, without costs.

The first cause of action seeks to recover damages for the personal injuries sustained by the decedent, i.e., for his conscious pain and suffering (*see Ratka v St. Francis Hosp.*, 44 NY2d 604, 609 [1978]; *Lancaster v 46 NYL Partners*, 228 AD2d 133, 138 [1996]; *Matter of Ruiz v New York City Health & Hosps. Corp.*, 165 AD2d 75, 80 [1991]), and thus was timely commenced (CPLR 214 [5]). However, inasmuch as decedent lived barely more than two hours after the accident, from 4:45 A.M. until 6:58 A.M., plaintiff's derivative cause of action for loss of services fails.

The second cause of action, alleging pecuniary injury to the decedent's distributees, sounds in wrongful death (*see Ratka*, 44 NY2d at 609; *Lancaster*, 228 AD2d at 138; *Ruiz*, 165 AD2d at 80), and is thus time-barred (EPTL 5-4.1 [1]). However, even though the second cause of action states that funeral expenses were paid by plaintiff in her individual capacity, if she demonstrates that she paid them as administrator of decedent's estate, they may be recoverable in connection with the cause of action for personal injuries (EPTL 11-3.3 [a]; *see Erbstein v Savasatit*, 274 AD2d 445, 446 [2000]).

Neither plaintiffs nor Chiaramonte submitted any affidavits

or evidence to show that "facts essential to justify opposition [to the Tarts' motion] may exist but cannot then be stated" (CPLR 3212 [f]). Nor did they ever challenge the motion court's finding that the "Tart vehicle never came into contact with the decedent." Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.