OPINION OF THE COURT
Gabrielli, J.
When an action is dismissed for reasons other than a failure to prosecute or a fatal defect involving the merits of the underlying claim, CPLR 205 (subd [a]) permits the plaintiff to *246 commence a new action within six months of the dismissal even though the action would otherwise be time-barred under the applicable period of limitations. In this case, we are called upon to consider whether this six-month extension is available to a plaintiff whose wrongful death action has been dismissed solely for want of a duly appointed administrator.
Plaintiff commenced the instant action for damages arising from the personal injuries and wrongful death of her spouse, who died on November 11, 1975, allegedly as a result of the negligent medical treatment he received at the hands of defendants. She served her first summons with notice on October 17, 1977, less than one month before the two-year Statute of Limitations for wrongful death actions would have expired (see EPTL 5-4.1). Since she had not yet been issued letters of administration authorizing her to bring suit on behalf of the decedent’s estate and his distributees at the time the action was commenced, however, plaintiff was forced to denominate herself the "proposed administratrix” in the caption on her summons.
Defendants promptly moved for a dismissal of the personal injury and wrongful death causes of action, contending that the absence of a duly appointed administrator was fatal to both claims. Although Special Term initially denied the motions for reasons which need not concern us here, the court ultimately upheld defendants’ position and dismissed plaintiff’s causes of action on July 17, 1978.
Within two weeks of this dismissal, plaintiff commenced a second action by serving defendants with a summons and complaint. By this time, plaintiff had been issued the necessary letters of administration and was therefore able to characterize herself as "administratrix” in the captions.
Defendants once again moved for dismissal of both claims, this time alleging that the causes of action were barred by the applicable Statute of Limitations (see CPLR 214-a; EPTL 5-4.1). Plaintiff countered the motion by invoking CPLR 205 (subd [a]), which provides as follows: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination”. Plaintiff took the position that she was entitled to benefit from the extension of the limitations period *247 provided in CPLR 205 (subd [a]) because she had previously commenced a timely action based upon the same allegations concerning defendants’ purportedly negligent conduct.
Special Term agreed and denied the motions to dismiss, concluding that both the personal injury claim and the wrongful death claim were salvageable because of the extension provisions of CPLR 205 (subd [a]). The Appellate Division, however, held that the wrongful death cause of action should have been dismissed. Although it recognized that the savings provisions of CPLR 205 (subd [a]) operated to revive the otherwise time-barred "survival” action for the decedent’s personal injuries and conscious pain and suffering (see George v Mt. Sinai Hosp., 47 NY2d 170), the Appellate Division found that the "unique” characteristics of the wrongful death claim precluded the use of CPLR 205 (subd [a]) as a means of resurrecting that cause of action. The court reasoned that since the appointment of a qualified administrator is an essential element of the right to bring suit for wrongful death, plaintiff’s first action, which was commenced prior to the issuance of letters of administration, was "tantamount to no suit whatsoever” (71 AD2d 226, 229). Thus, according to the Appellate Division, plaintiff had not actually commenced a timely wrongful death action within the meaning of CPLR 205 (subd [a]), and therefore the claim could not be salvaged through the operation of that statute.
Our analysis of the statute and relevant case law, however, leads us to a contrary conclusion. The natural point of departure for our consideration of the present problem lies in our recent decision in George v Mt. Sinai Hosp. (47 NY2d 170, supra), wherein we applied CPLR 205 (subd [a]) to a situation similar to that presented here. In George, the administratrix of an estate commenced a "survival” action seeking damages for the decedent’s personal injuries (see EPTL 11-3.2) after an earlier action for the same relief had been dismissed because it mistakenly had been brought in the name of the decedent, who obviously lacked capacity to sue. The question before this court on appeal in George was whether an action improperly brought in the name of a deceased individual constituted a prior "action” entitling the plaintiff to utilize the six-month extension provided in CPLR 205 (subd [a]). Taking a position similar to that adopted by the Appellate Division in the instant case, the defendant in George urged this court to hold that no timely prior "action” had been commenced for pur *248 poses of CPLR 205 (subd [a]), since the first action brought in the name of a decedent was a "nullity”. We squarely rejected this argument, however, observing that resolution of questions involving CPLR 205 (subd [a]) "is not aided by * * * use of the word 'nullity’ ” (George v Mt. Sinai Hosp., supra, at p 176). Indeed, we noted that “[t]he- statute by its very nature is applicable in those instances in which the prior action was properly dismissed because of some fatal flaw; thus to suggest that it should not be applied simply because there was a deadly defect in the prior action seems nonsensical” (id., at p 179).
This point was also stressed in that portion of our opinion in George in which we drew a sharp distinction between the issue in that case and the issue in our earlier decision in Goldberg v Camp Mikan-Recro (42 NY2d 1029). Goldberg involved an unsuccessful attempt by a plaintiff in a wrongful death action, who had brought his suit before being issued letters of administration, to amend his complaint in order to reflect his subsequent appointment as administrator. In seeking to amend his original complaint, the Goldberg plaintiff hoped to avoid the bar of the Statute of Limitations through the use of the "relation-back” provisions of CPLR 203 (subd [e]) (cf. Caffaro v Trayna, 35 NY2d 245).[1] We, however, rejected the attempts of the Goldberg plaintiff to use CPLR 203 (subd [e]) to cure a "fatal” defect in his original action.
That Goldberg is not dispositive of the issue in the instant case is evident from our analysis of that case in our opinion in George. Although we noted in passing in George that the two cases were distinguishable in that Goldberg involved an action for wrongful death while George involved a "survival” action for personal injuries, the critical and more compelling aspect of our analysis rested in the distinction we drew between the operation of CPLR 203 (subd [e]), which was at issue in Goldberg, and the operation of CPLR 205 (subd [a]), which was the source of the controversy in George. In this connection, we observed: "While the relation-back provisions of CPLR 203 are dependent on the existence of a valid pre-existing action, CPLR 205 (subd [a]) was created to serve in those cases in *249 which the prior action was defective and so had to be dismissed” (George v Mt. Sinai Hosp., supra, at pp 179-180). In short, the result in George differed from the result in Goldberg not because the former involved a “survival” action and the latter involved an action for wrongful death, but rather because Goldberg involved the application of CPLR 203 (subd [e]), which contemplates a "valid pre-existing action to which [an] amendment can relate back” (George v Mt. Sinai Hosp., supra, at p 179), while George involved the application of CPLR 205 (subd [a]), which specifically contemplates a prior defective action subject to dismissal upon timely motion.
Our opinion in George thus stands squarely for the proposition that the extension provisions of CPLR 205 (subd [a]) are available to a plaintiff who seeks to recommence an action, notwithstanding that the prior action upon which the plaintiff relies was "invalid” in the sense that it contained a fatal defect. Contrary to the view expressed by the Appellate Division in the present case, the fact that the prior action was so defective as to be "tantamount to no suit whatsoever” simply does not preclude the use of that remedial provision to revive an otherwise time-barred cause of action, provided, of course, that a prior timely action, however flawed, actually was "commenced” within the meaning of CPLR 304 (see George v Mt. Sinai Hosp., supra, at p 178; Smalley v Hutcheon, 296 NY 68; Erickson v Macy, 236 NY 412). Although the "defect” in the prior action in George was the named plaintiff’s lack of capacity to sue, we find no reason to withhold application of the holding in George to a case such as this, where the "defect” in the prior action was the absence of one of the formal elements of the cause of action, a duly appointed administrator. That the defect in George went only to the named plaintiff’s capacity to bring suit while the defect in the present case involved the essential elements of the plaintiff’s cause of action simply does not provide a reasoned basis for distinguishing the two cases and denying the plaintiff in this case the relief that was afforded the plaintiff in George.[2] In *250 both cases, the prior action commenced by the plaintiff was fatally flawed; and, as we held in George, the existence of such a "fatal flaw” is not in itself a legitimate ground for denying the plaintiff use of CPLR 205 (subd [a]).
Our comments in George regarding the fundamental distinction between the nature of a wrongful death action as a creature of statute and the nature of common-law personal injury action prosecuted under the authority of EPTL 11-3.2 do not compel a contrary conclusion. It is important to note here that we did observe in George that, like most of the other statutory requirements for wrongful death actions, the statutory requirement of a duly appointed administrator is in the nature of a condition precedent to the right to bring the suit and, as such, is an essential element of the claim (George v Mt. Sinai Hosp., supra, at pp 176-177). We did not, however, conclude in George that the difference between the role of an administrator in a wrongful death action and a "survival” action was of dispositive significance in problems involving the application of CPLR 205 (subd [a]). Indeed, we plainly left the question open for further analysis at some future date.
We do not intend to suggest by our holding today that there is no legal significance at all in the distinction stressed in George between the role of an appointed administrator in wrongful death actions and the role of an appointed administrator in "survival” actions for a decedent’s personal injury. Our decision in the present case merely reflects our view that the distinction has no bearing upon the question whether a wrongful death action improperly commenced by a person other than a qualified administrator constitutes a prior "action” within the ambit of CPLR 205 (subd [a]). We recognize, however, that in any case involving the application of CPLR 205 (subd [a]), it is necessary to ascertain not only whether a prior "action” was timely commenced, but also whether the manner in which the prior action was "terminated” rendered *251 the plaintiff ineligible for the six-month extension under the terms of that statute. It is in connection with this inquiry that the special function of an appointed administrator as an essential element of the cause of action acquires analytical significance.
CPLR 205 (subd [a]) by its terms is unavailable where the prior action was terminated "by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a ñnal judgment upon the merits” (emphasis supplied). In George, there was no doubt that the termination of the prior action was not a "final judgment upon the merits”, since the merits of a "survival” action are not implicated when the action is dismissed for want of an administrator or executor with capacity to sue.[3] In wrongful death cases such as the instant one, however, a dismissal for want of the essential element of an appointed administrator does, in a sense, implicate the merits of the cause of action, at least in a technical sense, and, thus, a legitimate question arises as to whether the prior dismissal due to the lack of an appointed administrator disqualifies the plaintiff from receiving the benefits of the CPLR 205 (subd [a]) extension.
Although we are aware that the problem may exist on some highly abstract, theoretical plane, however, we do not believe that it ultimately presents a serious impediment to the application of CPLR 205 (subd [a]) in wrongful death cases such as this. As noted above, the statute excludes from its coverage only those actions that were previously terminated in "a final judgment upon the merits”. It does not, however, preclude use of the statute to resuscitate an action that was previously dismissed "because of some error [not] pertaining * * * to the merits of the underlying claim” (George v Mt. Sinai Hosp., supra, at pp 178-179 [emphasis supplied]). It has been held, for example, that a dismissal arising from the failure of a condition precedent to the right to bring suit is not a "final judgment upon the merits” for purposes of CPLR 205 (subd [a]) (Buchholz v United States Fire Ins. Co., 265 App Div 467, affd on other grounds 293 NY 82; see 1 Weinstein-Korn-Miller, *252 NY Civ Prac, par 205.05). Similarly, we permitted a plaintiff to recommence his action under an earlier version of CPLR 205 (subd [a]) (Civ Prac Act, § 23) where a prior action based upon essentially the same claim had been dismissed due to the absence of a sufficient allegation on the important question of damages (Richard v American Union Bank, 253 NY 166). These decisions flow naturally from the sound premise that under CPLR 205 (subd [a]) a'suitor is entitled to have "one adjudication of the substance or merit of his cause where he has initiated a suit in time” (Buchholz v United States Fire Ins. Co., 269 App Div 49, 51; cf. Utica Sheet Metal Corp. v Myers-Laine Corp., 45 AD2d 116, 118).
In sum, for purposes of applying CPLR 205 (subd [a]), a "final judgment upon the merits” does not necessarily result every time a cause of action is dismissed for want of a formal, albeit essential, element of the claim. Although the prior dismissal may operate as a "direct estoppel” in the sense that a subsequent action between the same parties based upon identical allegations would be barred by traditional res judicata principles (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.08, p 50-74), the dismissal does not constitute a "final judgment upon the merits” precluding application of CPLR 205 (subd [a]) to a subsequently commenced action unless it actually represents a definitive adjudication of the factual or legal merits of the underlying claim.
Under this analysis, there can be no doubt that the prior dismissal of plaintiff’s wrongful death cause of action was not a "final judgment upon the merits” within the meaning of CPLR 205 (subd [a]), notwithstanding that the dismissal was based upon plaintiff’s failure to establish one of the essential elements of her right to bring suit. Like any condition precedent, the requirement of a qualified administrator in a wrongful death action, while essential to the maintenance of the suit, is in no way related to the merits of the underlying claim. Thus, a dismissal due to the omission of this requirement must be regarded as a tangential matter not affecting the validity of the claim itself. It follows that a disposition based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim through the mechanism of CPLR 205 (subd [a]) once a qualified administrator has been appointed.[4]
*253 The foregoing analysis requires a reversal of the Appellate Division order in the instant case. The Appellate Division dismissed plaintiff’s wrongful death cause of action for untimeliness on the basis of its erroneous assumption that the extension of the limitations period provided in CPLR 205 (subd [a]) was unavailable to plaintiff as a method for reviving that previously dismissed claim. Inasmuch as we conclude that that statute may be applied when a prior wrongful death action has been dismissed due to the lack of an appointed administrator, we can see no reason not to permit plaintiff to prosecute her action on behalf of the decedent’s distributees.[5]
*254 Accordingly, the order of the Appellate Division insofar as appealed from should be reversed, with costs, and the order of the Supreme Court, Nassau County, reinstated.

. CPLR 203 (subd [e]) provides: "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading”.

. Implicit in our analysis is a rejection of plaintiffs contention that the absence of a duly appointed administrator in her first wrongful death suit constituted a mere defect in the capacity of the named plaintiff to bring the action. It is well established that the existence of a qualified administrator is essential to the maintenance of the action and that the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration (e.g., Boffe v Consolidated Tel. & Elec. Subway Co., 171 App Div 392, affd without opn 226 NY 654). Indeed, our recent reaffirmation of this principle in George v Mt. *250 Sinai Hosp. (47 NY2d 170, 176-177, supra) would seem to foreclose the possibility of reducing the statutory requirement of an appointed administrator to a mere question of capacity to sue, at least in the absence of a legislative alteration of the language of the statute (cf. Sharrow v Inland Lines, 214 NY 101).
Similarly, we decline to adopt plaintiff’s suggestion that we recognize a common-law right to sue for wrongful death and thereby avoid the difficulties that strict adherence to the statutory requirements sometimes entails. Such a course was expressly foreclosed when we refused to "create” a common-law counterpart to the statutory wrongful death cause of action in Liff v Schildkrout (49 NY2d 622) and Ratka v St. Francis Hosp. (44 NY2d 604).

. The subsidiary question in George was whether the prior action had been terminated by a "voluntary discontinuance” within the meaning of CPLR 205 (subd [a]) and, if so, whether the terms of the stipulation by which the action had been discontinued precluded the defendant from asserting that CPLR 205 (subd [a]) was unavailable to the plaintiff by reason of the discontinuance (George v Mt. Sinai Hosp., 47 NY2d 170, 180-181, supra).

. We note that our holding in this case was foreshadowed by the decision of the *253 Appellate Division in Boffe v Consolidated Tel. & Elec. Subway Co. (171 App Div 392, affd without opn 226 NY 654, supra), which was cited in George v Mt. Sinai Hosp. (47 NY2d 170, 177, supra). In Boffe, the Appellate Division dismissed a wrongful death action that had been commenced prior to the Appointment of an administrator on the ground that "the due appointment and qualification of the administrators are necessary elements to the cause of action”, but, significantly, the court went on to observe that there was nothing to prevent the plaintiff whose wrongful death action had been dismissed from recommencing the action under section 405 bi the Code of Civil Procedure, the predecessor of CPLR 205 (subd [a]) (171 App Div, at pp 394-395).

. Inasmuch as the six-month extension provided in CPLR 205 (subd [a]) is applicable, the fact that plaintiff did not actually receive her letters of administration until approximately one month after the two-year limitation period specified in EPTL 5-4.1 had run does not, in itself, prevent her from recommencing the action within six months of the dismissal of her prior defective action'. As we held in Sharrow v Inland Lines (214 NY 101), the statutory requirement that the action be brought within two years of the death upon which it is based is a limitation only upon the available remedy and not upon the right created by the statute. Were we to hold that an action for wrongful death simply does not lie in a case where an administrator has not been appointed within two years of the death, we would effectively be re-enshrining the two-year time period as a limitation upon the right to recover for wrongful death.
Our recent decision in Ratka v St. Francis Hosp. (44 NY2d 604) does not compel a contrary conclusion. Although we referred in that case to "the need for timely appointment of a personal representative to commence the action” (id., at p 611), it is clear from the context that we did not intend to suggest that a wrongful death action may never be maintained where letters of administration are not issued within two years of the death. Indeed, had such been the case, it would have been unnecessary for us to consider in Ratka the central question posed in that case: whether the toll for infancy provided in CPLR 208 operates to extend the two-year limitations period for wrongful death actions where the ultimately appointed administrator was a minor at the time of the death. Our reference in Ratka to the "need for timely appointment of a personal representative” was, in fact, only a restatement of the general principle that in order for the action to be maintainable, an administrator must be appointed within the applicable limitations period including any tolls or extensions of the limitations period which may be available. Because we concluded in Ratka that the toll for infancy was not available, the failure in that case to have an administrator appointed within two years of the death was fatal to the cause of action. The same conclusion would not necessarily follow, however, in a case such as this, where the six-month extension provided in CPLR 205 (subd [a]) is available. In such a case, the *254 appointment of an administrator no later than six months after the original action is dismissed should suffice to satisfy the "need for timely appointment of a personal representative”.