■ YOLANDA BERNARDEZ, Individually and as Administratrix of the Estate of ABEL BERNARDEZ, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. — Order, Supreme Court, New York County (George Bundy Smith, J.), entered June 1, 1982, granting plaintiff's motion for reargument and upon reargument adhering to its prior decision of July 20, 1981, which denied plaintiff's motion to amend the complaint and granted defendants' cross motion to dismiss the complaint, affirmed, without costs, and without prejudice to the commencement by plaintiff of a new action based upon the same transaction or occurrence pursuant to CPLR 205 (subd [a]) within six months after service on plaintiff of a copy of this order. ¶ On May 27, 1979, decedent Abel Bernardez was admitted to Sydenham Hospital for treatment. He died in that hospital on May 28, 1979, allegedly as a result of injuries sustained when he fell from his hospital bed. On July 11, 1979 his widow, Yolanda Bernardez, filed notices of claim with the defendants, the City of New York and New York City Health and Hospitals Corporation (Corporation), describing the claim as one for "wrongful death and pain and suffering of deceased Abel Bernardez, at Sydenham Hospital." The notice of claim inaccurately described Yolanda Bernardez as administratrix of the estate of Abel Bernardez. ¶ This action for damages due to pain and suffering and wrongful death as a result of the defendants' alleged negligence was commenced on August 26, 1980 by the service of a summons. A verified complaint was served on September 28, 1980. Both the summons and the verified complaint described the plaintiff as Yolanda Bernardez, individually, and Yolanda Bernardez, as administratrix of the estate of Abel Bernardez, deceased, the latter description being inaccurate at that time. By motion returnable May 27, 1981 plaintiff moved for leave to amend her complaint to reflect the issuance to her on February 18, 1981 of letters of administration, a copy of which was annexed to the motion papers, and to add two additional causes of action. Defendants cross-moved to dismiss the complaint, alleging that the original complaint was jurisdictionally defective in that plaintiff was not at the time the complaint was served an appropriate person to commence the action (EPTL 5-4.1, 11-3.2, subd [b]), and that the proposed amended complaint was barred by the one-year and 90-day Statute of Limitations for tort actions against the city and the New York City Health and Hospitals Corporation. ¶ In a memorandum decision dated July 15, 1981, Special Term denied plaintiff's motion to amend the complaint and granted defendants' cross motion to dismiss, finding that the action was improperly commenced before the issuance of letters of administration, and that the Statute of Limitations had expired prior to their issuance on February 18, 1981. ¶ In support of a motion for reargument plaintiff's counsel stated in an affidavit that she and the decedent had been residents of Honduras, Central America, before they emigrated to the United States, and that this circumstance had rendered it difficult and time-consuming for plaintiff to submit to the Surrogate's Court various documents required by that court for her appointment as administratrix, which included a marriage certificate and

proof of birth of their children. In a brief memorandum opinion granting plaintiff's motion for reargument, Special Term adhered to its original decision, observing that no affidavit by the plaintiff had been submitted to the court. ¶ We affirm, but do so without prejudice to plaintiff's commencement of a new action based upon the same transaction or occurrence pursuant to CPLR 205 (subd [a]) within six months after service of a copy of this order on plaintiff. ¶ Preliminarily, we note that Special Term erred to the extent to which its opinion concluded that plaintiff's wrongful death action against New York City was barred by the Statute of Limitations, the correct period for such an action against New York City being two years. (See *Collins v City of New York,* 55 NY2d 646; General Municipal Law, § 50-i, as amd eff Sept. 1, 1981.) This error is without practical significance since it is apparent that the complaint does not state a cause of action in any respect against the City of New York. (See *Brennan v City of New York,* 88 AD2d 871, affd 59 NY2d 791.) ¶ The dispositive issue presented on this appeal is in all essential respects identical to that determined by the Court of Appeals in *Carrick v Central Gen. Hosp.* (51 NY2d 242). *Carrick* involved a wrongful death and personal injury action brought against a private hospital less than one month before the two-year Statute of Limitations for wrongful death actions would have expired by the widow of the deceased at a time when letters of administration had not yet been issued authorizing suit. The plaintiff denominated herself as "proposed administratrix" in the complaint. The action was dismissed on the ground that the absence of a duly appointed administrator was fatal to both claims. Within two weeks after this dismissal, plaintiff, having in the meantime been issued the necessary letters of administration, commenced a second action. The defendant again moved to dismiss, alleging that the causes of action were barred by the applicable Statute of Limitations. ¶ The issue presented to the Court of Appeals was whether or not the wrongful death action could be sustained as authorized by CPLR 205 (subd [a]), which provides in pertinent part: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination". In an opinion dispositive of the issue before us, the Court of Appeals held that the action was timely commenced pursuant to that section. ¶ In reaching this conclusion the court distinguished its prior decision in *Goldberg v Camp Mikan-Recro* (42 NY2d 1029), which it described as follows (at p 248): "*Goldberg* involved an unsuccessful attempt by a plaintiff in a wrongful death action, who had brought his suit before being issued letters of administration, to amend his complaint in order to reflect his subsequent appointment as administrator. In seeking to amend his original complaint, the *Goldberg* plaintiff hoped to avoid the bar of the Statute of Limitations through the use of the 'relation-back' provisions of CPLR 203 (subd [e]) (cf. *Caffaro v Trayna,* 35 NY2d 245). We, however, rejected the attempts of the *Goldberg* plaintiff to use CPLR 203 (subd [e]) to cure a 'fatal' defect in his original action." The Court of Appeals concluded in *Carrick* that *Goldberg* was not dispositive of the issue presented by CPLR 205 (subd [a]). The point of departure was found in the court's decision in *George v Mount Sinai Hosp.* (47 NY2d 170, 179), in which the opinion observed: "The statute by its very nature is applicable in those instances in which the prior action was properly dismissed because of some fatal flaw; thus, to suggest that it should not be applied simply because there was a deadly defect in the prior action seems nonsensical." The Court of Appeals went on to say in *Carrick* (at p 249): "[W]e find no reason to withhold application of the holding in *George* to a case such as this, where the 'defect' in the prior action was the absence of one of the

formal elements of the cause of action, a duly appointed administrator." ¶ As applied to the facts on this appeal, the rule set forth in *Carrick* clearly authorizes, and indeed mandates, that plaintiff be permitted to commence a new action based on the same underlying transaction within the time limit in CPLR 205 (subd [a]). The principle is well established, and indeed not disputed by respondents, that an action is not terminated within the meaning of that section until the determination of the appeal. (See *Buchholz v United States Fire Ins. Co.,* 269 App Div 49, 51; *Cohoes Housing Auth. v Ippolito-Lutz,* 65 AD2d 666, affd 49 NY2d 961.) ¶ We also observe that the defendants' motion to dismiss did not include as a ground the erroneous designation of plaintiff as an administratrix in the notices of claim that were otherwise timely filed. On the record before us we perceive no reason why plaintiff should not be permitted to file a corrected notice of claim pursuant to subdivision 6 of section 50-e of the General Municipal Law. (See *Collins v City of New York, supra.*) ¶ What has been said so far disposes of the immediate issues presented on this appeal. Necessarily, it does not resolve the broader question to which our attention is invited by the facts in this case and others, which arises from the circumstance that there may be situations in which the issuance of letters of administration to a qualified person is so delayed that the actions authorized by EPTL 5-4.1 and 11-3.2 (subd [b]) are barred by the applicable Statute of Limitations. Clearly the Legislature did not contemplate that the procedures it had established for the commencement of wrongful death actions, and for personal injury actions in behalf of a deceased, would result in such actions being effectively barred by the expiration of periods of limitation. The problem is, of course, particularly acute with regard to abbreviated Statutes of Limitations such as the year and 90-day limitation applicable here to the action against the New York City Health and Hospitals Corporation. (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1], § 20, subd 2.) ¶ If plaintiff's original action had been dismissed more than six months prior to the issuance of letters of administration, the action would have been clearly barred, a result that would have been difficult to justify, particularly so with regard to an event that took place within a Corporation hospital, and as to which employees of the Corporation were necessarily fully informed at the time. If the plaintiff had not commenced the action until after letters of administration had been issued, which is the apparent intent of EPTL 5-4.1 and 11-3.2 (subd [b]), the action likewise would have been irretrievably precluded. ¶ There may be compelling considerations which militate against remedial legislative action that would either permit such actions to be commenced in specified circumstances prior to the actual issuance of letters of administration, or that would permit a carefully limited exception in these cases to the normal application of the relevant Statute of Limitations. However, the potential for manifestly unjust and indeed absurd results in the present interaction of the EPTL sections with abbreviated statutory limitations suggested by this case and others (see, e.g., *Brennan v City of New York, supra*) seems to us to merit legislative consideration. Concur — Sandler, J. P., Sullivan, Ross, Lynch and Kassal, JJ.