■ ANTHONY VIGLIOTTI, JR., as Administrator of the Estate of ANTHONY VIGLIOTTI, SR., Deceased, et al., Appellants, v LOUIS RICCI et al., Respondents. [644 NYS2d 564] —In an action to recover damages for, *inter alia,* wrongful death, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), entered June 9, 1995, which granted the defendants' motions to dismiss the first and third causes of action as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the defendants' motions are denied, and the plaintiffs' first and third causes of action are reinstated.

In January 1994, a medical malpractice action was timely commenced against the instant defendants denominating Anthony Vigliotti and his wife Marie Vigliotti as the plaintiffs. The complaint sought damages for the defendants' failure to diagnose and treat Mr. Vigliotti's lung cancer, while Mrs. Vigliotti sought damages for loss of services. However, unbeknownst to the plaintiffs' counsel, Mr. Vigliotti had died prior to the commencement of the action. Accordingly, this action was dismissed on the ground that it had been commenced by a deceased plaintiff.

Thereafter, the administrator of Mr. Vigliotti's estate, along with Mrs. Vigliotti, commenced the instant action within six months after the dismissal, adding a cause of action for wrongful death. The Supreme Court erred in dismissing the first and third causes of action as barred by the Statute of Limitations. Pursuant to CPLR 205 (a), the administrator and Mrs. Vigliotti had a right to commence a new action (*see, Carrick v Central Gen. Hosp.,* 51 NY2d 242; *George v Mt. Sinai Hosp.,* 47 NY2d 170). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.