OPINION OF THE COURT
Raymond E. Cornelius, J.
The issue presented, in the above-captioned asbestos related, personal injury and wrongful death actions, is whether the court should grant approval to the settlement of a wrongful death claim, pursuant to EPTL 5-4.6, if there has been no appointment of a personal representative.
The Seventh Judicial District, like many judicial districts throughout the State of New York, has adopted a case management order (CMO) in order to facilitate and expedite asbestos related, personal injury actions. Among other provisions, the CMO directs that plaintiffs counsel file a request for judicial intervention (RJI) within 90 days after filing of a complaint, in which event the court will schedule a preliminary conference within 60 days thereafter. At the preliminary conference, the court schedules a day certain for trial and appoints defendants’ liaison counsel, who in addition to facilitating communication between the court and counsel, will thereafter meet and confer with plaintiffs counsel in order to develop a specific scheduling order for discovery.
On September 3, 2002, the above-captioned action was commenced by filing of the summons and complaint, and on the same date, an RJI was also filed with the County Clerk. In accordance with the provisions of the CMO, this court, by order dated September 16, 2002, directed that a preliminary conference be held on October 29, 2002. At the preliminary conference, the court set May 21, 2004, as the date for commencement of trial. This day certain trial date was memorialized in an order, dated October 29, 2002, which also provided for a note of issue and certificate of readiness to be filed at least 60 days prior thereto. In addition, this order appointed liaison counsel, and directed that within 45 days, the parties agree upon and submit to the court a proposed supplemental order, containing a specific discovery schedule. Such an order was thereafter submitted, and signed by the court on December 16, 2002, and again, provided for trial to commence with jury selection, on May 21, *459 2004. A note of issue and certificate of readiness was filed on February 24, 2004.
Each of the three individuals, who are alleged to have sustained personal injuries as the result of exposure to asbestos products manufactured and/or distributed by the defendants, are now deceased. The complaint contains causes of action seeking money damages as the result of pain and suffering allegedly incurred by each one of them prior to their deaths. A cause of action for personal injury is not lost because of the death of the injured party, and may be commenced and/or maintained by the personal representative (EPTL 11-3.2). In the event the injury causes death, damages are limited to those accruing before death, except for reasonable funeral expenses, and become assets of the estate (EPTL 11-3.3).
Each of the named plaintiffs is a surviving spouse, and has made an individual claim for loss of consortium, which, of course, would be dependent upon the respective personal injury claims. In addition, each plaintiff is designated, in the caption, as the “Personal Representative” of the respective estates, which representation is repeated in the body of the complaint. In their respective, purported capacities as personal representatives, plaintiffs have asserted not only causes of action for personal injuries incurred by their spouses prior to death, but also causes of action for wrongful death. A “personal representative” is defined as “a person who has received letters to administer the estate of a decedent” (EPTL 1-2.13).
Unlike a claim for personal injuries, for which any recovery, by settlement or verdict, is payable and belongs to the estate, a wrongful death action is brought on behalf of the decedent’s distributees, who have suffered pecuniary damages as the result of death wrongfully caused by a defendant. A wrongful death cause of action is created solely by statute. The provision, which authorizes maintaining such an action, reads as follows: “The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death . . ..” (EPTL 5-4.1 [1] [emphasis added].) This section further provides that the wrongful death action must be commenced within two years after the decedent’s death, and in the event that an executor, appointed under a will, refuses to bring such a claim, “the distributees are entitled to have an administrator appointed to prosecute the action for their benefit.” (EPTL 5-4.1 [1].)
*460 Wrongful death claims are one of the few types of civil lawsuits, in the State of New York, that require court approval for resolution by settlement.[1] EPTL 5-4.6, in relevant part, provides as follows:
“(a) Upon the application of an administrator appointed under 5-4.1 or a personal representative to the court in which an action for wrongful act, neglect or default causing the death of a decedent is pending, the court may, after inquiry into the merits of the action and the amount of damages proposed as a compromise:
“(1) Approve in writing a compromise for such amount as it shall determine to be adequate and, except for good cause shown, transfer the action to the surrogate’s court which issued the letters for determination of the issues of allocation and distribution of proceeds and related matters; or “(2) Disapprove the application.”
Although Supreme Court may refer a case to the Surrogate’s Court for the purpose of administering the proceeds of an approved wrongful death settlement, the authority and responsibility for approval is conferred solely upon Supreme Court, to “resolve the fairness and reasonableness of the settlement, including the amount to be paid, the manner in which the payment obligation is amortized and the parties’ arrangements for payment of costs and attorneys’ fees” (Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 338 [1993]).
In asbestos related personal injury and wrongful death actions, it is not uncommon for the claims to be resolved by settlement on the eve of trial. This, in most instances, does not allow sufficient time for plaintiffs counsel to make formal application for approval of the wrongful death claim. Accordingly, the CMC for the Seventh Judicial District attempts to accommodate this situation by making provision for a preliminary approval, based upon a statement from plaintiffs counsel “certifying that the personal representative has consented to the compromise,” setting forth the amounts contributed by the respective defendants and stating the reasons for compromise of the claims. If preliminary approval is granted by the court, the case is marked “Off’ of the trial calendar, and a plaintiff is then permitted to submit *461 formal application for approval of the wrongful death action within a period of 60 days, thereafter.
Several days before the scheduled trial date of the above-captioned matter, the court received a letter from plaintiffs’ counsel, dated May 18, 2004, whereby preliminary approval was sought for settlements of wrongful death claims in the Cupo and Hitzke matters.[2] The letter indicated that Mr. Hitzke had died at the age of 81 from thyroid cancer, which, according to plaintiffs expert, was unrelated to asbestos exposure, and further stated that there was “no viable wrongful death claim.” The court was also provided with a copy of the death certificate, and letters testamentary, which revealed that Mr. Hitzke had died prior to the commencement of the action on July 14, 2001, and that Mrs. Hitzke had not been appointed personal representative until March 1, 2004. Therefore, at the time of the commencement of the action, a personal representative had not been appointed for the estate.[3]
In regard to the Cupo case, the letter of May 18, 2004 disclosed settlement with seven defendants. The letter further stated that Mr. Cupo, who had an extensive smoking history, died of smoking related lung cancer, and that plaintiffs expert was unable to find any “definitive” asbestos related disease. Therefore, according to counsel, causation would have been “almost impossible” to establish at trial. The letter also disclosed, for the first time, that Mrs. Cupo had never been granted letters testamentary, and that there were two children, from a prior marriage, who, in addition to herself, would be distributees.[4] Although efforts had apparently been made, by the estate attorney, to secure consents to the appointment of Mrs. *462 Cupo as a personal representative, the children had not responded to telephone messages. Accordingly, the attorney intended to attempt contact with the children one more time and if unsuccessful, to proceed by way of citation.
On May 19, 2004, a letter was sent to plaintiffs’ counsel, with a copy to defendants’ counsel, which stated that the court was unable to grant preapproval to the proposed settlements in the Cupo matter, and suggested that, in the Hitzke matter, counsel consider a motion to discontinue the wrongful death cause of action. It should be noted that Mrs. Hitzke has been substituted as a plaintiff by order, dated April 2, 2004, and there had been no previous motion to dismiss based upon lack of capacity to bring the lawsuit. In addition, the amount of settlement was relatively small, and unlike the Cupo case, counsel was unequivocal in stating that plaintiff could not establish causation. Absent objection on behalf of a defendant, the entire settlement could then be allocated to the personal injury and loss of consortium claims, and would not require approval of the court. A motion for discontinuance of the wrongful death claim in the Hitzke matter was made returnable on May 21, 2004, which was also the scheduled trial date. However, plaintiffs counsel elected not to proceed by order to show cause, but rather, upon one day’s notice of motion and without stating the basis for the application (see CPLR 2214).
In a trilogy of cases, the Court of Appeals has addressed the issue of commencement of wrongful death and personal injury actions prior to the appointment of a personal representative, in the context of recommencement of the actions following dismissal, under provisions of CPLR 203 (e) and 205 (a). In Goldberg v Camp Mikan-Recro (42 NY2d 1029 [1977]), a personal representative was appointed and an amended pleading served subsequent to the expiration of the statute of limitations. The Court (at 1030) declined to apply CPLR 203 (e) because “there was no pre-existing action to which it could ‘relate back.’ ” In this case, the plaintiff had sought to recover for his infant son’s wrongful death in the initial action, commenced prior to his appointment as personal representative. The Court noted that he, *463 therefore, lacked capacity to commence such an action for the infant’s personal injuries.
The decision in George v Mt. Sinai Hosp. (47 NY2d 170 [1979]) involved a malpractice action commenced in the name of a plaintiff, who died prior to the service of the summons and complaint upon the defendant. Thereafter, counsel sought to serve defendant’s counsel with an amended summons, which named the administratrix as plaintiff. The parties stipulated to dismissal of the first action, and although the statute of limitations had expired, the Court ruled that the plaintiff could take advantage of CPLR 205 (a) and recommence the action within six months after such dismissal. Although the personal injury action survived the injured party’s death, the Court stated that dismissal was, nevertheless, the appropriate remedy for such action being brought or continued by someone other than the personal representative. However, the Court emphasized that such dismissal was based merely upon a lack of capacity to sue, and in this regard, was unlike a wrongful death action, in which appointment and qualification of an administrator is a necessary element to the very existence of the cause of action. Also, the Court cited EPTL 5-4.1 and 5-4.3, and reiterated that a wrongful death action is brought, not on behalf of the estate, but rather on behalf of the distributees, and any recovery relates to economic damages suffered by the distributees as the result of the decedent’s death.
Finally, in Carrick v Central Gen. Hosp. (51 NY2d 242 [1980]), the Court of Appeals addressed the question of whether the six-month extension, under CPLR 205 (a), should be made available to a plaintiffs wrongful death action, which had been previously dismissed for the lack of a duly appointed administrator. The plaintiff had initially commenced a medical malpractice action, relating to her spouse’s personal injuries and wrongful death, and denominated herself as the “proposed administratrix” in the caption of the pleadings. The Court (at 249) distinguished its earlier decisions in Goldberg, involving CPLR 203 (e), which required a valid preexisting action to which an amended pleading could “relate back,” and George, involving application of CPLR 205 (a), which “contemplates a prior defective action subject to dismissal upon timely motion.” The Court emphasized that the existence of a qualified administrator is not only an essential element to the statutory right to recover for a wrongful death, but indeed, is a condition precedent. The decision acknowledged the fact that failure to have a personal *464 representative duly appointed, before commencement of a wrongful death action, affects the substance of the claim, and therefore, renders such action defective and subject to dismissal. Nevertheless, the Court determined that a plaintiff should be accorded the six-month extension of time, within which to bring a wrongful death action following dismissal, pursuant to CPLR 205 (a).
In the pending case, the defendants, who have entered into settlement agreements, have not made motions to dismiss either the personal injury or wrongful death causes of action. Although it is not apparent whether any of these defendants had previously been aware of the lack of capacity of each plaintiff to bring these actions as a “personal representative,” a motion to dismiss upon this ground, pursuant to CPLR 3211 (a) (3), should have been made prior to the service of the answer, or alternatively, asserted therein (CPLR 3211 [e]). In regard to the wrongful death claims, the appointment of a personal representative is an essential element, and summary judgment, which does not contain any similar time constraints, may be an appropriate remedy. Arguably, Mrs. Hitzke, having been appointed a personal representative following commencement of the action and substituted as plaintiff, may possess authority to make a motion to dismiss the wrongful death claim. Again, it should be emphasized that Mrs. Hitzke’s capacity to commence the lawsuit has not been challenged by a motion for dismissal of the complaint, pursuant to CPLR 3211 (a) (3). However, it is unnecessary to address this question because the insufficient notice, to the defendants, requires denial of the motion (see CPLR 2214 [b]).
The issue presented by the Cupo case is whether the court should grant approval of a settlement in a wrongful death action, which lacked a duly qualified personal representative both at the time of commencement and at the time of application for such approval. As discussed in the Carrick decision, the plaintiff not only lacked capacity to commence the personal injury and wrongful death causes of action, but in regard to the latter, the lack of a personal representative renders the claim further defective because such appointment is an essential element and condition precedent to the claim itself. Thus, by making the application for approval, counsel, in effect, is asking that the court’s imprimatur be placed upon the settlement of a defective claim. In any event, there has been no substitution of a personal representative, and the court lacks jurisdiction to rule upon any *465 motion (Schraven v Town of Tonawanda, 238 AD2d 952 [4th Dept 1997]). Furthermore, from the perspective of plaintiffs’ counsel, there is no legal entity who could be represented as a client. Conversely, defendants, who receive releases in exchange for payment of monies, would not be protected from additional, future claims. Based upon all these considerations, there should be a denial of the application for settlement of the wrongful death action, as otherwise authorized by EPTL 5-4.6.
Accordingly, it is hereby ordered that the applications for approval of settlements of the wrongful death claims in the Cupo and Hitzke cases are denied, and it is further ordered that the motion to discontinue the wrongful death claim in the Hitzke case is denied, without prejudice.

. Another type of civil action, which requires court approval for settlement, is an action commenced on behalf of an infant or a judicially adjudicated incapacitated person (CPLR 1207).

. In regard to the Balch case, an order was signed on May 18, 2004, which, upon application of Mrs. Balch on notice to the defendants, dismissed the personal injury and wrongful death claims because no personal representative had been appointed prior to or following commencement of the action, and discontinued her individual claims.

. The letters testamentary contained the following statement: “THE FIDUCIARY MAY NOT ENFORCE ANY JUDGMENT, RECEIVE ANY FUNDS, OR SETTLE ATTORNEY’S FEES WITH RESPECT TO ANY CAUSE OF ACTION BROUGHT ON BEHALF OF THE ESTATE OR UNDER EPTL 5-4.1 WITHOUT FURTHER ACTION OF THIS COURT.” This limitation would appear to be contrary to the Court of Appeals decision in Pollicina v Misericordia Hosp. (82 NY2d 332 [1993]).

. 22 NYCRR 130-1.la (a) requires that every pleading, filed or submitted to the court, be signed by the attorney for the party. 22 NYCRR 130-l.la (b) provides that by signing a paper, an attorney certifies “to the best of that person’s knowledge, information and belief, formed after an inquiry reasonable under the circumstances,” that the contents of the paper are not frivo *462 Ions. In relevant part, the term “frivolous” is defined in 22 NYCKR 130-1.1 (c) (3) and includes assertions of material, false statements.
Counsel, in the pending matter, signed the complaint, and thus, certified that each of the plaintiffs was a “personal representative” of the respective estates. However, counsel has represented that he did not intend to use this term in a legal sense.