*506 OPINION OF THE COURT
Lawrence Knipel, J.
Plaintiff moves: (1) pursuant to CPLR 3211 (b), striking affirmative defenses numbered “fifth,” “sixth,” “seventh,” and “ninth” (asserting defenses on the respective grounds of statute of limitations, res judicata, collateral estoppel and laches) of defendant Maimonides Medical Center (Maimonides), and affirmative defenses numbered “First,” “Second,” “Third,” “Twelfth,” and “Thirteenth” (asserting defenses on the grounds of statute of limitations, res judicata and collateral estoppel) of defendant Lutheran Medical Center (Lutheran); and (2) pursuant to CPLR 3406, 2004 and Uniform Rules for Trial Courts (22 NYCRR) § 202.56, extending plaintiffs time to file a notice of medical malpractice action.
The instant motion practice arises out of two lawsuits alleging causes of action stemming from purported departures by defendants in the care and treatment of the decedent Sharliné Orlinda Brown (Ms. Brown) that allegedly caused her death.
The first of said lawsuits was commenced on July 27, 2009, under index number 25427/09, by Anthony Brown (Brown), Ms. Brown’s husband, when Ms. Brown was still alive. In the caption, Brown was designated “proposed guardian ad litem,” and, in addition, sued derivatively on his own behalf.
On December 5, 2009, Ms. Brown died. Letters of administration were obtained on May 11, 2011.
In November of 2010, both defendants moved to dismiss said lawsuit pursuant to CPLR 3211 (a) (3), for lack of capacity to sue based on the failure to have a court appointed guardian, and for failure to comply with discovery. By order dated April 15, 2011, this court granted defendants’ motions and, by short form order, ordered that plaintiffs complaint be dismissed with prejudice. Judgments were duly entered. By motion dated June 29, 2011, plaintiff moved to vacate the foregoing order and judgments. The court denied said motion by order dated September 16, 2011.
The present action was commenced by summons and complaint filed on May 19, 2011 under index number 11452/11. Plaintiff, now suing both individually and as administrator, set forth causes of action for medical malpractice and negligence, loss of consortium, and wrongful death.
In the present motion, plaintiff seeks dismissal of the defendants’ affirmative defenses, as set forth, contending that CPLR *507 205 (a) permits a plaintiff to refile an action within six months of its dismissal, as long as the initial case was not dismissed on its merits. That subdivision, as applicable here, reads as follows:
“If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.”
Plaintiff relies on the holding in Carrick v Central Gen. Hosp. (51 NY2d 242, 250 [1980]), where the Court of Appeals rejected, as a basis for withholding the relief afforded by section 205 (a), the plaintiffs failure to commence the first lawsuit through a duly-appointed administrator (“the prior action commenced by the plaintiff was fatally flawed; and . . . the existence of such a ‘fatal flaw’ is not in itself a legitimate ground for denying the plaintiff use of CPLR 205 [subd (a)]”). Plaintiff here contends that a case which is dismissed for lack of capacity to sue is not one which is dismissed on the merits, and is therefore afforded the six-month extension afforded by CPLR 205 (a).
Defendants oppose by contending that the prior action was dismissed because of a lack of standing and was void ab initio, since Brown had no standing to bring a lawsuit on behalf of his wife, then living (see CPLR 1201 [“(a) person shall appear by his guardian ad litem ... if he is an adult incapable of adequately prosecuting or defending his rights”]). They assert that there is no authority for representation of a party by a “proposed” guardian ad litem, and that the defect is jurisdictional, thus rendering the provisions of CPLR 205 (a) inapplicable.
Defendants’ arguments are devoid of merit. CPLR 205 (a) “permits a plaintiff to commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after termination of a prior action, provided that the prior *508 action was timely commenced and was not terminated, inter alia, by a final judgment upon the merits” (Sabbatini v Galati, 43 AD3d 1136, 1138 [2007]).
The fundamental purpose of the statute is served when the defendant is given timely notice of the cause of action when asserted by or on behalf of the injured party (see Mendez v Kyung Yoo, 23 AD3d 354 [2005]). Thus, an “error” relating to the identity of the named plaintiff in the first action does not bar recommencement of the action pursuant to CPLR 205 (a) (Carrick, 51 NY2d at 252). This is true even where the plaintiff who commences a lawsuit under section 205 (a) is a completely different entity than that who commenced the initial lawsuit which was dismissed for lack of legal capacity, as long as the real party in interest is unchanged (see Lambert v Sklar, 30 AD3d 564, 566 [2006]; Freedman v New York Hosp. Med. Ctr. of Queens, 9 AD3d 415 [2004]; see also George v Mt. Sinai Hosp., 47 NY2d 170, 178 [1979]).
In addition to failing to demonstrate, as they must, that the first lawsuit was dismissed on the merits, defendants’ challenge based upon lack of jurisdiction is unavailing. It is true that when an action is dismissed for lack of personal jurisdiction based on defective service, the original action was never “commenced” for purposes of CPLR 205 (a), and the six-month extension is therefore unavailable (see Fleming v Long Is. R.R., 72 NY2d 998 [1988]). However, contrary to defendants’ contentions, “a party’s lack of standing does not constitute a jurisdictional defect” (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048-1049 [2011]; cf. Weldon v Long Is. Coll. Hosp., 142 Misc 2d 61 [1988] [action commenced on behalf of comatose person by “proposed” guardian ad litem deemed a nullity, and defect held to be jurisdictional]). Moreover, plaintiff’s lack of capacity to pursue the claims prior to the issuance of the letters of administration is not a dismissal on the merits and does not bar relief under section 205 (a), since the original action was timely commenced (see Snodgrass v Professional Radiology, 50 AD3d 883, 884 [2008]).
Lastly, Lutheran’s vague and unsupported argument that the statute of limitations defense should remain because, absent a toll, “at least some of the survivor action for conscious pain and suffering and at least some of the wrongful death claim are time-barred,” is devoid of merit (see Matter of Morris Invs. v Commissioner of Fin. of City of N.Y., 121 AD2d 221 [1986]).
*509 Moreover,
“[although the prior dismissal may operate as a ‘direct estoppel’ in the sense that a subsequent action between the same parties based upon identical allegations would be barred by traditional res judicata principles (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.08, p 50-74), the dismissal does not constitute a ‘final judgment upon the merits’ precluding application of CPLR 205 (subd [a]) to a subsequently commenced action unless it actually represents a definitive adjudication of the factual or legal merits of the underlying claim” (Carrick, 51 NY2d at 252).
Consequently, defendants’ opposition to that branch of plaintiffs motion seeking dismissal of the affirmative defenses of collateral estoppel, res judicata and laches are without merit. Based upon the foregoing, the court grants plaintiffs motion in its entirety.