Rodriguez v River Val. Care Ctr., Inc. (2019 NY Slip Op 06370)





Rodriguez v River Val. Care Ctr., Inc.


2019 NY Slip Op 06370


Decided on August 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 27, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9100 27889/16E

[*1]Reinaldo Rodriguez, as Voluntary Administrator of the Estate of Eneida Rodriguez, deceased, Plaintiff-Appellant,
v
River Valley Care Center, Inc., et al., Defendants-Respondents.


Parker Waichman, LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Rebecca A. Barrett of counsel), for River Valley Care Center, Inc., respondent.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Gracie Square Hospital, respondent.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered July 28, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint pursuant to CPLR 3211(a)(3) based on plaintiff's lack of capacity to enforce decedent's personal injury and wrongful death claims, and denied plaintiff's cross motion to amend the caption and complaint to recognize him as administrator of decedent's estate, unanimously reversed, on the law, without costs, defendants' motions denied, and plaintiff's cross motion granted.
Plaintiff Reinaldo Rodriguez, decedent Eneida Rodriguez's son, timely commenced a prior action for personal injuries, medical malpractice and wrongful death against defendants River Valley Care Center, Inc. (the nursing home) and Gracie River Hospital (the hospital) in his capacity as "proposed administrator" of decedent's estate. By order dated May 26, 2016 and entered June 1, 2016, the court granted the nursing home's motion to dismiss the action pursuant to CPLR 3211(a)(3), for lack of capacity, since letters of administration had not been issued authorizing plaintiff to bring suit on behalf of the estate. By order entered October 26, 2016, the court granted the hospital's motion to dismiss the remaining claims pursuant to CPLR 3211(a)(3).
On or about November 21, 2016, plaintiff commenced this essentially identical action as "voluntary administrator" of the estate. The nursing home moved and the hospital cross-moved to dismiss the complaint pursuant to CPLR 3211(a)(3), again arguing that plaintiff lacked the legal capacity to assert the claims on behalf of the estate. On April 18, 2017, less than six months after the remaining claims against the hospital were dismissed in the prior action, Surrogate's Court issued letters of administration to plaintiff. Accordingly, plaintiff opposed defendants' motions, arguing that they should be denied because letters of administration had been issued, and cross-moved pursuant to CPLR 3025(b) to amend the caption and pleadings to recognize him as administrator. The court, finding that the prior action was terminated by the May 2016 order, granted defendants' motions to dismiss.
On appeal, plaintiff argues for the first time that the prior action was finally terminated when the October 2016 order granting the hospital's motion was issued, so that the court used the wrong date to calculate when the six-month savings period under CPLR 205(a) began to run. We will consider this argument, since it raises a legal question appearing on the face of the record which could not have been avoided (see Rojas-Wassil v Villalona, 114 AD3d 517, 517-518 [1st Dept 2014]; Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, [*2]408 [1st Dept 2009]).
While plaintiff, as voluntary administrator, lacked the legal capacity to enforce decedent's personal injury and wrongful death claims on behalf of the estate in this second action (Surrogate's Court Procedure Act § 1306[3]; Carrick v Central Gen. Hosp., 51 NY2d 242 [1980]), he could remedy this defect by obtaining letters of administration within the six-month savings period provided under CPLR 205(a) (see Snodgrass v Professional Radiology, 50 AD3d 883, 884-885 [2d Dept 2008]; Bernardez v City of New York, 100 AD2d 798, 799-800 [1st Dept 1984]). In applying CPLR 205(a), we bear in mind that it is designed to ameliorate the potentially "harsh consequence of applying a limitations period where the defending party has had timely notice of the action" (Malay v City of Syracuse, 25 NY3d 323, 327 [2015]). Because the first action was finally terminated on October 18, 2016, and the letters of administration were issued on April 18,
2017, on the last day of the six-month savings period (CPLR 205[a]), plaintiff timely obtained legal capacity to pursue the claims in this action.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 27, 2019
DEPUTY CLERK