**Jaquez v St. Luke's-Roosevelt Hosp. Ctr.**

2025 NY Slip Op 30527(U)

February 13, 2025

Supreme Court, New York County

Docket Number: Index No. 159080/2022

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NICHOLAS W. MOYNE

*Justice*

PART     41M

-------------------------------------------------------------------------------X

DAISY JAQUEZ, DAISY JAQUEZ,

INDEX NO.     159080/2022

MOTION DATE     08/16/2024

Plaintiff,

MOTION SEQ. NO.     001

- v -

ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, MOUNT
SINAI WEST, THE MOUNT SINAI HEALTH SYSTEM, INC.

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for     DISMISS     .

Upon the foregoing documents, it is

Plaintiff, Daisy Jaquez, individually, and "as the proposed Administrator of the Estate of

Carmen Santana a/k/a Carmen A. Santana, deceased and [o]n behalf of all of the next of kin",

commenced this action against defendants, St. Luke's-Roosevelt Hospital Center ("St. Luke's-

Roosevelt"), Mount Sinai West, and The Mount Sinai Health System, Inc., to recover for

personal injuries allegedly sustained by the decedent on or around July 8, 2020, while receiving

medical care at the St. Luke's-Roosevelt Hospital Center facility, and asserting claims of

negligence/medical malpractice, wrongful death, conscious pain and suffering of the decedent,

and negligent hiring, retention and supervision.

On or around March 2023, the defendant, St. Luke's-Roosevelt s/h/a Mount Sinai West,

interposed an amended answer to the complaint. Thereafter, in the stipulation of discontinuance,

signed and dated May 1, 2023, the above-entitled action was discontinued with prejudice as to

defendant, The Mount Sinai Health System, Inc. (*see* NYSCEF Doc. No. 8). Now, St. Luke's-

[* 1]

Roosevelt moves for an order, pursuant to CPLR § 3211(a)(3) and Estates, Powers & Trusts Law ("EPTL") § 5-4.1(1), dismissing the complaint in its entirety due to the plaintiff's lack of capacity. For the reasons set forth below, the motion by St. Luke's-Roosevelt is granted.

St. Luke's-Roosevelt has demonstrated that as proposed administrator, Daisy Jaquez lacked and/or lacks the necessary legal capacity to assert and/or maintain claims of personal injury or wrongful death on behalf of the subject decedent. Legal capacity to sue is a threshold matter and generally concerns a litigant's status and/or power to appear and bring its grievance before the court (*Silver v Pataki*, 96 NY2d 532, 537 [2001]; *Sec. Pac. Nat. Bank v Evans*, 31 AD3d 278, 279 [1st Dept 2006]).

A cause of action for wrongful death is purely statutory- governed by EPTL § 5-4.1(1), which proscribes that a duly appointed personal representative is authorized to maintain such an action on behalf of a decedent. Further, EPTL § 11-3.2 provides that an action for injury to person or property belonging to a decedent may also be maintained by a personal representative of the decedent (*Schoeps v Andrew Lloyd Webber Art Found.*, 66 AD3d 137, 140 [1st Dept 2009]). As set forth under EPTL § 1-2.13, a "personal representative" is defined as a person who has received letters to administer a decedent's estate. Importantly, the existence of a qualified administrator is a condition precedent to, and an essential element of, the maintenance of such an action for personal injury or wrongful death on behalf of a decedent (*Carrick v Cent. Gen. Hosp.*, 51 NY2d 242, 250 [1980]; *Rodriguez v Riv. Val. Care Ctr., Inc.*, 175 AD3d 432, 433 [1st Dept 2019]).

In July 2020, the plaintiff Daisy Jaquez, individually, and as *proposed Administrator* of the Estate of Carmen Santana a/k/a Carmen A. Santana, timely commenced this action to recover damages sustained by the decedent or by the decedent's distributees (*see Patel v Desai*, 289

**159080/2022   JAQUEZ, DAISY ET AL vs. ST. LUKE'S-ROOSEVELT HOSPITAL CENTER ET AL**          **Page 2 of 4**
  **Motion No.  001**

2 of 4

[* 2]

AD2d 133 [1st Dept 2001]). However, following the initial commencement of this action, to date there has been attempt to substitute the plaintiff, Daisy Vasquez, as administrator of the estate or any indication that a petition for letters of administration was ever filed with the Surrogate's Court, and/or that such letters have ever been issued. Accordingly, as proposed administrator and without letters of administration to authorize this suit, Daisy Jaquez lacks the legal capacity to bring or enforce these personal injury and wrongful death claims on behalf of the decedent's estate (*Rodriguez v Riv. Val. Care Ctr., Inc.*, 175 AD3d 432, 433 [1st Dept 2019]; *Shelley v S. Shore Healthcare*, 123 AD3d 797, 797 [2d Dept 2014]). As the plaintiff lacks capacity to assert these claims, the complaint and the action must be dismissed.

However, a disposition based solely on the absence of a duly appointed administrator does not preclude prosecution of the underlying claim, pursuant to CPLR § 205(a), once a qualified administrator has been appointed (*Carrick v Cent. Gen. Hosp.*, 51 NY2d 242, 252 [1980]; *Bernardez v City of New York*, 100 AD2d 798, 799 [1st Dept 1984]). Therefore, in accordance with CPLR § 205(a), this dismissal is without prejudice to the commencement of a new action for such relief within six-months of the termination of the claims here once the plaintiff is appointed the personal representative of the decedent's estate by the Surrogate's Court.

Accordingly, it is hereby

ORDERED that the CPLR § 3211(a)(3) motion by defendant(s), St. Luke's-Roosevelt Hospital Center s/h/a Mount Sinai West, to dismiss the complaint is GRANTED, only on the grounds that the named-plaintiff, Daisy Vasquez, presently lacks capacity to bring or maintain this action, and the complaint is dismissed, without prejudice to commence a new action under another index number in accordance with CPLR § 205(a); and it is further

159080/2022   JAQUEZ, DAISY ET AL vs. ST. LUKE'S-ROOSEVELT HOSPITAL CENTER ET AL        Page 3 of 4
Motion No.  001

3 of 4

[* 3]

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of the court.

2025021415X445N/0NNEC5B11E0195DD47616D542251460EFB9E

**2/13/2025**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159080/2022   JAQUEZ, DAISY ET AL vs. ST. LUKE'S-ROOSEVELT HOSPITAL CENTER ET AL**          **Page 4 of 4**
**Motion No.  001**

[* 4]

4 of 4