■ INDRA PATEL, Appellant, v ANITA DESAI, M.D., et al., Respondents. [734 NYS2d 445] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 16, 2000, which, *inter alia*, granted defendants' motion to dismiss the complaint in its entirety with prejudice, and denied plaintiff's cross motion to, *inter alia*, disregard any purported defects in the notice of claim, unanimously modified, on the law and the facts, to deem plaintiff's notice of claim corrected to reflect plaintiff's appointment as administrator of the estate of Rameshbhai Patel, and to provide that the dismissal of plaintiff's wrongful death action is without prejudice to its recommencement pursuant to CPLR 205 (a), and otherwise affirmed, without costs.

As defendants-respondents commendably concede, the holding in *Lichtenstein v State of New York* (93 NY2d 911), relied upon by the motion court in dismissing plaintiff's wrongful death action with prejudice, is inapplicable under the circumstances at bar. The filing requirements at issue in *Lichtenstein* were those of the Court of Claims Act, which are jurisdictional and must be strictly construed (*id.*; *see also*, *Lurie v State of New York*, 73 AD2d 1006, 1007, *affd* 52 NY2d 849). Wrongful death actions, such as the one at bar, however, which are not subject to the jurisdictional strictures of the Court of Claims Act, may be commenced by a proposed, but not yet appointed, estate administrator, at least to the extent of availing the plaintiff of the Statute of Limitations extension set forth in CPLR 205 (a) (*Carrick v Central Gen. Hosp.*, 51 NY2d 242; *Bernardez v City of New York*, 100 AD2d 798). Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.