■ In the Matter of RANDALL MORTON, as Administrator of the Estate of AMBROSINE MUSSINGTON, Deceased, et al., Respon-

dents, v New York City Health and Hospitals Corporation, Appellant. [808 NYS2d 162]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered August 3, 2004, which granted petitioner's application for leave to serve a late notice of claim against respondent Health and Hospitals Corporation, unanimously affirmed, without costs.

No leave was required with respect to the claim for wrongful death, which was timely made less than a month after petitioner's appointment as the representative of the. decedent's estate (General Municipal Law § 50-e [1] [a]). With respect to the pain and suffering and other claims that petitioner asserts on behalf of the decedent, death is a statutory ground for granting leave to file a late notice of claim provided there is no substantial prejudice to the public corporation (General Municipal Law § 50-e [5]). Respondent shows no such prejudice as a result of the short delay in seeking leave (see Matter of Banegas-Nobles v New York City Health & Hosps. Corp., 184 AD2d 379 [1992]) only seven months after the decedent's death. There is no need to decide the applicability of the continuous treatment doctrine, there being no dispute that the decedent was seen in one of respondent's emergency rooms on several occasions within a year and 90 days of her death. Concur—Buckley, P.J., Andrias, Catterson and Malone, JJ.