Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 10, 2012, which granted petitioner’s motion for leave to file a late notice of claim to the extent of permitting her to file it against respondent New York City Housing Authority (respondent), unanimously affirmed, without costs.
The court providently exercised its discretion in granting petitioner leave to file a late notice of claim. The accident giving rise to the claim occurred on December 28, 2010 when the decedent, petitioner’s father, allegedly slipped and fell on a walkway due to the accumulation of snow and ice. Respondent *446 was served with the notice of claim on May 6, 2011, less than six weeks after expiration of the 90-day filing requirement (see Matter of Caridi v New York Convention Ctr. Operating Corp., 47 AD3d 526 [1st Dept 2008]; Weiss v City of New York, 237 AD2d 212, 213 [1st Dept 1997]).
Although petitioner did not elaborate on her reason for failing to timely serve the notice, this failure is not, by itself, fatal to the motion (see Weiss, 237 AD2d at 213). Petitioner established that the late notice was sufficient to serve as actual knowledge of the claim and it was served within a reasonable time after the 90 days expired (id.). Additionally, respondent has not established any prejudice. Its bare claim that the delay has made it difficult to locate witnesses is insufficient (see Lisandro v New York City Health & Hosps. Corp. [Metropolitan Hosp. Ctr.], 50 AD3d 304 [1st Dept 2008], lv denied 10 NY3d 715 [2008]). Further, the alleged defective condition is highly transitory and respondent would have been in the same position regarding any investigation even if the notice of claim had been timely served (see Matter of Caridi, 47 AD3d 526).
We reject respondent’s argument that petitioner’s claim is patently meritless. Petitioner is not required to establish conclusively the merits of the claim at this stage in the litigation (Weiss, 237 AD2d at 213).
We have considered respondent’s remaining contention and find it unavailing. Concur — Mazzarelli, J.E, Friedman, Catterson, Renwick and Freedman, JJ.