Almanzar v New York City Health & Hosps. Corp. (2025 NY Slip Op 25020)

[*1]

Almanzar v New York City Health & Hosps. Corp.

2025 NY Slip Op 25020

Decided on January 29, 2025

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 29, 2025
Supreme Court, Bronx County

Juan Almanzar and JUDELPIS ALMANZAR, as Proposed Co-Administrators of the Estate of ELPIDIO ALMANZAR, Deceased, Petitioner(s),

against
New York City Health and Hospitals Corporation a/k/a NYC HEALTH + HOSPITALS, JACOBI MEDICAL CENTER a/k/a NYC HEALTH + HOSPITALS/JACOBI, Respondent(s).

Index No. 808776/2024E

Ashlee Crawford, J.

Petitioners Juan Almanzar and Judelpis Almanzar, in their capacity as proposed co-administrators of the estate of Elpidio Almanzar ("decedent"), seek leave to serve a late notice of claim on respondents New York City Health and Hospitals Corporation a/k/a NYC Health & Hospitals, and Jacobi Medical Center a/k/a NYC Health & Hospitals/Jacobi (together, "HHC"), and to deem the notice of claim served on HHC on March 22, 2024, timely nunc pro tunc (motion seq. 001).
Respondents oppose petitioners' application and move to dismiss the petition pursuant to CPLR 3211(a)(3) on the ground that petitioners lack the legal capacity to commence and maintain this proceeding on behalf of the estate, as no letters of administration have issued (motion seq. 002).
Background
Petitioners assert claims against respondents for, among other things, wrongful death and medical malpractice arising from the death of decedent Elpidio Almanzar on November 28, 2023. As alleged, respondents failed to timely and properly diagnose decedent's pulmonary embolism, or to examine decedent's lower extremities for deep vein thrombosis during his hospitalization at Jacobi Medical Center, leading to his untimely death (NYSCEF Docs. 9 [Notice of Claim] and 6 [Affirm. of Hooman Poor, M.D.]).
Petitioners served a notice of claim on respondents on March 22, 2024, about 25 days after the expiration of the statutory 90-day period for doing so (Notice of Claim; General [*2]Municipal Law § 50-e[1]). Petitioner Juan Almanzar attributes the untimeliness of the notice of claim to both the grief of unexpectedly losing decedent, who was his father, and to delays in receiving decedent's medical records, despite repeated written and oral requests for them (NYSCEF Doc. 7 [Almanzar Aff.] ¶¶ 4-6). Petitioner explains that he ultimately discovered the medical records in decedent's junk email folder on March 19, 2024, but that they had been emailed to decedent on March 7, 2024 (id. ¶ 6); the notice of claim was served on respondents three days after petitioner discovered the medical records. 
Petitioners argue that their petition and order to show cause for leave to serve a late notice of claim should be granted, because (1) respondents had actual knowledge of the essential facts constituting the claim, given the contemporaneous medical records documenting decedent's health; (2) respondents cannot show substantial prejudice resulting from the late notice, as the 25-day delay was short; and (3) petitioners had a reasonable excuse for the late notice, due to their grieving decedent's loss and the delay in acquiring his medical records (NYSCEF Doc. 4 [Memo of Law in Support]).
In opposition to petitioners' order to show cause and petition, and in support of their motion to dismiss the petition, respondents contend that petitioners lack the legal capacity to commence and maintain this proceeding, because they have not been appointed administrators of decedent's estate. In other words, respondents acknowledge that petitioners, as proposed administrators, may file a notice of claim, but insist that only an appointed representative of the estate may seek leave of Court to serve a late notice of claim (NYSCEF Doc. 15 [Wolf Aff. in Opp.] ¶¶ 11-13; NYSCEF Doc. 19 [Wolf Aff. in Support] ¶¶ 11-13). Respondents' papers are directed solely to the issue of petitioners' capacity and do not address whether they were prejudiced by the late notice, or whether they had actual knowledge of the essential facts of the claim.
Petitioners, in opposition to respondents' motion, insist that proposed administrators have the power under General Municipal Law §§ 50-e(2) and 50-e(5) to both serve a notice of claim and to seek leave to serve a late notice of claim and/or deem a prior notice of claim timely nunc pro tunc. Indeed, petitioners contend that the Appellate Division, First Department rejected respondents' same position as "unavailing" in Matter of Mercado v City of New York (100 AD3d 445 [1st Dept 2012]). They further contend that the purpose of the notice of claim statute (GML §§ 50-e[2] and 50-e[5]) is not served by creating separate standards for the filing of a notice of claim, on one hand, and seeking leave to file a late notice of claim, on the other. Petitioners maintain that forcing a proposed administrator to delay in providing a municipality notice via a motion for leave to file a late notice of claim is contrary to the intent of the notice provision, and would potentially result in meritorious claims being dismissed, particularly where the appointment of an administrator by Surrogate's Court takes many months. Petitioners finally emphasize that a motion or special proceeding for leave to serve a late notice of claim is distinct from a pleading in a lawsuit (see Winbush v City of Mount Vernon, 306 NY 327, 334 [1954])(NYSCEF Doc. 24 [Nyberg Affirm. in Opp] ¶¶ 4-22).
Discussion
To maintain a tort claim against a municipality, a litigant generally must serve upon the municipality a notice of claim within 90 days of the claim's accrual (General Municipal Law §§ 50-i[1], 50-e[1]), or in wrongful death actions, within 90 days from the appointment of a representative of the decedent's estate (id. at 50-e[1]). "A claimant's failure to file a timely notice of claim is not necessarily fatal," however (Matter of Jaime v City of New York, 41 NY3d 531, 540 [2024]). "Courts have broad discretion to extend the 90-day time limitation 'in exceptional cases' upon consideration of all relevant factors, provided the statute of limitations . . . has not already expired" (id.; General Municipal Law § 50-e[5]).
The statutory factors that a Court must consider on a motion to grant leave to file a late notice of claim are whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim, or within a reasonable time thereafter; whether the delay substantially prejudiced the public corporation in maintaining its defense on the merits; and all other relevant facts and circumstances (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461 [2016]; GML § 50-e[5]).
As to petitioners' capacity to bring this special proceeding on behalf of decedent's estate, "[i]t is well established that the existence of a qualified administrator is essential to the maintenance of [an] action and that the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration" (Carrick v Central Gen. Hosp., 51 NY2d 242, 250 n 2 [1980]; see Rodriguez v Riv. Val. Care Ctr., Inc., 175 AD3d 432, 433 [1st Dept 2019]). Courts, however, make a distinction between the filing of a notice of claim on behalf of an estate prior to the issuance of letters of administration, which may be done by a proposed administrator, and the maintenance of a wrongful death claim, which, as noted, requires the appointment of a representative of the estate as an element of the claim (see generally Carrick v Central Gen. Hosp., 51 NY2d at 253 [a wrongful death action brought by a person other than an appointed administrator constitutes a prior action for purposes of the savings clause in CPLR 205]; Barahona v Long Is. Ambulatory Surgery Ctr., LLC, 137 AD3d 679, 680 [1st Dept 2016]["Plaintiff timely commenced this action, providing notice of the claim to defendants before the statute of limitations ran, and the dismissal was not on the merits but because of the lack of proper letters of administration, which plaintiff was in the process of obtaining"]; Carmenate v City of New York, 59 AD3d 162, 163 [1st Dept 2009]["This action, seeking damages for wrongful death and negligence, was timely brought by the decedent's brother, who had not then obtained the required letters of administration to prosecute the matter"]; Patel v Desai, 289 AD2d 133 [1st Dept 2001]["Wrongful death actions . . . may be commenced by a proposed, but not yet appointed, estate administrator, at least to the extent of availing plaintiff of the Statute of Limitations extension set forth in CPLR 205(a)"]; Bernardez v City of New York, 100 AD2d 798, 800 [1st Dept 1984]["If plaintiff had not commenced the action until after letters of administration had been issued, which is the apparent intent of EPTL §§ 5-4.1 and 11-3.2(b), the action . . . would have been irretrievably precluded"]). 
In Matter of Mercado v City of New York (supra), upon which petitioners rely, the proposed administrator filed a notice of claim on behalf of the decedent about six weeks after the expiration of the 90-day notice period (NYSCEF Doc. 28 [Supreme Court's Order in Mercado]). The proposed administrator then brought a petition and order to show cause for leave to file a [*3]late notice of claim, which Supreme Court granted, noting that the purpose of General Municipal Law § 50-e is to assure municipalities an adequate opportunity to explore the merits of the claim while information is still available, but cautioning that the provision "should not be used as a devi[c]e to defeat the rights of persons with legitimate claims" (id. at 1-2). On appeal to the First Department, the City respondents-appellants argued in their brief that "[t]he petitioner lacked capacity to institute this proceeding, as she was not the administratrix of the estate, but only the 'proposed' administratrix" (Brief for Respondent-Appellant, Mercado, 2012 WL 13008958, *2 [1st Dept 2012]; see also id. at *18 ["The order to show cause to serve the late notice of claim was improperly brought [on] behalf of the 'proposed administratrix . . . who lacked capacity to act [on] behalf of the estate; accordingly, the order granting leave to serve a late notice should, at the very least, be vacated"]). Notwithstanding the Mercado respondents' argument, the First Department affirmed Supreme Court, expressly addressing most of the parties' arguments in its order, and rejecting as "unavailing" the City respondents' "remaining contention," which appears to be a reference to their capacity argument (Mercado, 100 AD3d at 445-446). 
Applying Mercado, the Court rejects the identical argument by HHC that petitioners, as proposed administrators of decedent's estate, lack capacity to bring this special proceeding seeking leave to file a late notice of claim (id.; see also Winbush v City of Mount Vernon, 306 NY at 334 ["While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor"]; Patel v Desai, 289 AD2d at 133). This outcome harmonizes with case law holding that the statute of limitations is not tolled while a petition for letters of administration is pending in Surrogate's Court (see Xenias v Mount Sinai Health System Inc., 191 AD3d 454, 455 [1st Dept 2021], lv denied 37 NY3d 904 [2021]; Cancel v Posner, 82 AD3d 575 [1st Dept 2011]). Here, petitioners filed for letters of limited administration in July 2024, and subsequently filed two affidavits of urgency with Surrogate's Court, but still await appointment as administrators of the estate while the statute of limitations on their claims draws ever closer to expiring. 
Importantly, should the Court deny the petition for leave to serve a late notice of claim, and the statute of limitations on the claims expire prior to petitioners' appointment as administrators of the estate, there is a real risk petitioners might be denied application of the savings clause in CPLR 205(a), arguably leaving them "irretrievably precluded" from pursuing their claims (see Bernardez v City of New York, 100 AD2d at 800; see also Gomez v Mount Sinai Hospital, 231 AD3d 537, 538-539 [1st Dept 2024]). Courts have addressed their desire to avoid such a "potentially harsh consequence," particularly where the defending party has had timely notice of the action (Rodriguez v Riv. Val. Care Ctr., Inc., 175 AD3d at 433; Bernardez, supra at 800 ["there may be situations in which the issuance of letters of administration to a qualified person is so delayed that the actions . . . are barred by the applicable Statute of Limitations. Clearly the Legislature did not contemplate that the procedures it had established for the commencement of wrongful death actions, and for personal injury actions in behalf of a deceased, would result in such actions being effectively barred by the expiration of periods of limitation"]). For the foregoing reasons, respondents' motion to dismiss the petition is denied.
Additionally, petitioners have met their burden for leave to serve a late notice of claim [*4](see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). The Court finds that respondents' possession of decedent's medical records since the time of the alleged malpractice and wrongful death gave them actual knowledge of the essential facts of the claims, and they suffered no substantial prejudice from the 25-day delay in receipt of the notice of claim (Talavera v New York City Health & Hosps. Corp., 48 AD3d 276 [1st Dept 2008]; Figueroa v New York City Health & Hosps. Corp. (Jacobi Med. Ctr.), 49 AD3d 454, 455 [1st Dept 2008]; Matter of Morton v New York City Health & Hosps. Corp., 24 AD3d 229 [1st Dept 2005]; Bernardez v City of New York, supra at 800).
Of course, petitioners may not maintain an action to prosecute their claims until they are appointed administrators of decedent's estate (Papadam v Rothman, 159 AD3d 557, 557-558 [1st Dept 2018]; Barahona v Long Island Ambulatory Surgery Center, LLC, 137 AD3d at 680).
Accordingly, it is hereby
ORDERED that petitioners' petition and order to show cause are GRANTED to the extent that the notice of claim is deemed timely nunc pro tunc; and it is further
ORDERED that respondents' motion to dismiss the petition is DENIED.
This constitutes the decision and order of the Court.
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: January 29, 2025
Bronx, New York