Silverman v Pret a Manger (USA) Ltd. (2026 NY Slip Op 01929)

Silverman v Pret a Manger (USA) Ltd.

2026 NY Slip Op 01929

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 811460/24|Appeal No. 6245|Case No. 2025-03177|

[*1]Kenneth P. Silverman, as Trustee and Successor in Interest to Louasia Watts, Plaintiff-Respondent,
vPret a Manger (USA) Limited et al., Defendants-Appellants.

Fox Rothschild LLP, New York (Glenn S. Grindlinger of counsel), for appellants.
Arenson, Dittmar & Karban, New York (Avi Mermelstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered May 7, 2025, which denied defendants' motion to dismiss the complaint as barred by the statute of limitations, unanimously affirmed, without costs.
Although the court denied defendant's motion on the merits, we "affirm for reasons other than those stated by the motion court" (J. Remora Maintenance LLC v Efromovich, 103 AD3d 501, 502 [1st Dept 2013], lv denied 21 NY3d 862 [2013]), namely collateral estoppel. Defendants are collaterally estopped from arguing that plaintiff, whose prior action under the New York City Human Rights Law was dismissed for lack of capacity to sue, was not eligible to refile the action pursuant to CPLR 205(a). In opposing defendant's motion to dismiss the prior action, plaintiff argued that any dismissal should be subject to recommencement pursuant to CPLR 205(a). Defendants argued that the CPLR 205(a) issue was premature, and that, in any event, CPLR 205(a) was not available to plaintiff because any new action would be untimely and thus outside of CPLR 205(a)'s safe harbor. The motion courtdecided the issue, and dismissed the prior action without prejudice, stating that "CPLR 205(a) authorizes recommencement of an action even if the plaintiff lacked capacity to sue at the time the original action was commenced." Defendants are precluded from relitigating that issue on this motion, because the motion court determined the CPLR 205(a) issue in dismissing the prior action without prejudice (see Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]). The parties disputed the issue, and the court resolved it, rendering the issue "necessarily . . . decided" (Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 138 [1st Dept 2014] [internal quotation marks omitted]). Defendants addressed the issue squarely on the merits in their reply papers in the prior action and therefore failed to meet their "burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Buechel at 304).
Contrary to defendants' argument, courts adjudicating dismissals in the first instance routinely determine the propriety of recommencement under CPLR 205(a) in deciding whether to dismiss with or without prejudice (see e.g. U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 141 AD3d 431, 433 [1st Dept 2016], affd 33 NY3d 84 [2019]; Carmenate v City of New York, 59 AD3d 162, 163 [1st Dept 2009]; Patel v Desai, 289 AD2d 133, 133 [1st Dept 2001]). If parties could relitigate a CPLR 205(a) issue in a refiled action it would constitute a waste of judicial resources and risk inconsistent results (see Buechel, 97 NY2d at 303).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026